Wheeler, J.
The grounds relied on for reversing the judgment are :
1st. The overruling of the exceptions to the petition.
2d. The excluding of the evidence offered by the defendant.
3d. The refusal of a new trial.
1. Had the objection now insisted on, that the matters embraced in the petition in this case ought to have been pleaded to the suit upon the notes been taken in the first instance, it ought to have been sustained, for there was no necessity in making two suits of' what related to the same subject-matter and might as well have been litigated in one. But this objection was not taken until years after the defendant had answered to the merits. It is an objection not going to tlie merits but to the form of the proceeding, and ought therefore to have been taken in the first instance. If even it should have been entertained at so late a stage of the proceedings it could only be entitled to be now considered as presenting a question of costs. But the objection came too late and was rightly overruled.
2. Did the court err in rejecting the evidence offered to establish the alleged invalidity of the title issued to Brooks? Was the clerk of the County Court authorized to certify copies of the proceedings of the ayuntamiento ?
To render a certified copy of a record or document admissible in evidence, without other authentication, it must be certified by the officer having legal custody of the original. (1 Greenl. Ev., sec. 485; Hart. Dig., art. 744.)
We have been referred to no law and we are aware of none which give's the legal custody of the original, in this instance, to the clerk of the County Court. On the contrary it appears to have belonged to the custody of the Commissioner of the General Land Office.. lie and not the clerk of the County (-ourt was the proper person to authenticate by his certificate copies to ho used as evidence. (Hart. Dig., art. 1786, 1810, 1835.) The original, however, appears not to have been deposited in the oustody'of the commissioner. And being in the possession of an officer to whom Us legal custody did not belong, it could not be proved by a certified copy. But it might have been proved by producing the original and proving its genuineness; 'or, being a document of a public nature, if there would have been an inconvenience in'removing the original, it might have been proved by an examined copy, first having proved the genuineness of the original by the testimony of fhosc who from having had cus'ody of the original or from information derived from other sources can testify as to that fact, (1 Greenl. Ev., 484, 485, 508,) the rule being that every document of a public nature, which there would be an inconvenience in removing and which the party has a right to inspect, may be proved by a dnly-autlientieafed copy; and where proof is by a copy, an examined copy duly made and sworn to by any competent witness is always admissible. (Ib.)
But it is sufficient for the present inquiry that not being certified by the officer who had the legal custody of the original the copy was not admissible.
3. It remains to inquire whether tho verdict and judgment were warranted by the evidence,
It is insisted that the evidence is especially insufficient in respect to the payment of the $1,G05 to Watrous for the use of the defendant, the fact being denied by the answer and proved by but one witness.
*47 In respect, to this alleged payment, it is to be remarked that although the defendant York, in his lifetime, did deny that Watrous was his attorney or that ho received from him the money, jot he admitted tiiat Watrous told him that he had received the money for him, and when charged with having answered evasively upon this point, and wiili having received the benefit of the payment, and when specially interrogated as to wind her the money was not paid to his order, and whether he did not receive tlie benefit of it, he declined any answer to these inquiries. The fací s were specially alleged, and the defendant. having answered without denying the, allegations, they must have been 1alien as l rue without further proof, but'for the answer of the administrator of York. 1 lis answer, tiled at the trial term, was not a response to tlie pari icnlar allegations and interrogations of tlie amended petition, but was general in its character, and was evidently intended us a disclaimer simply of any knowledge on t lie subject, in order to pnt the plaintiff on proof of the allegations not previously answered. It is not to be supposed that the administrator liad a more competent knowledge of the fads than his intestate. He does not profess or assume' to answer from such knowledge; and when he undertakes to lili' a general denial on oatli of all the. facts and allegations not previously denied, lie ought to he understood, as he doubtless intended, simply as denyiug any knowledge on tlie subject-, aud as requiring proof.
Thu payment was proved by one witness, who testified distinctly and circumstantially to tlie fact. York, in his lifetime, did not deny hut admitted it. Under the. circumstances the fact was, we think, sufficiently proved: there was tlie testimony of one witness strongly corroborated by circumstances. Had the denial been made at the time of first answering to the merits, or at a term previous lo the trial, the plaintiff would have boon apprised of tlie necessity of being prepared with proof, and there would he more force in tlie argument that, lie should have procured the testimony of tlie attorney through whose agency tlie payment was made, lint pre.vioir-iy to the term of the trial, tlie fact not having been denied, there was no necessity of proof to establish it. To have required 'more would have operated oppressively on tlie plaintiff, and would have given the defendant an undue, advantage from his own omission to answer when first interrogated as to the fact.
It is further insisted that the evidence does not support the charge of fraud, and that tlie failure of title in so small a part of the land does not constitute a ground for rescinding tlie contract, but only for compensation or a proportionate reduction in the price contracted to lie paid.
It win however proved that the part of the land respecting which there was a failure to give a clear title aud possession was much the most valuable portion of tlie league.; that it possessed superior advantages, which were important to the use and enjoyment of tlie residue, aud that it formed the main inducement to the purchase. Tlie contract was not executed but executory, and under the. oiré,musí anees the plaintiff could not, we think, bo compelled to accept a tille which did not, convey the essential interest and possession which the defendant. liad contracted to convey and which he liad agreed to purchase. Where, (lie tide, proves defective in a part., or to an extent not very essential, till' contract will not, in general, he rescinded, hut performance will be decreed with a ratable reduction of the purchase-money, byway of compensation for the deficiency. But, where tlie failure of title extends to that part which formed file principal inducement to the purchase, it seems to he more in consonance with justice that the purchaser should beat liberty to rescind the contract altogether. (2 Kent Com., 47ñ, 47G, and notes.)
"There are, (says Kent) conflicting cases on this point, hut in the English "law die belter opinion seems to be that if a purchaser contracts for the entirety of an estate, and a good title can only be made to a part of it, the purchaser will not bo compelled to take it.” (Id., 470, n. e., 5th eel.) Even whe.ro there is no charge of fraud, “ it would seem, he says, to be a sound ‘•doctrine that a substantial error between tlie parties concerning the subject “ matter of the contract, either as to the nature of the article or as to the con- *48 11 sideration or as to the security intended, would destroy the consent requisite “to its validity.” (Id., 471.)
But although there may not have been at the time of this contract any intenlional misrepresentation made, yet it can scarcely admit of a doubt that the plaintiff was deceived aud misled to his prejudice by the representations and promises of the defendant. The latter may have believed that the title ■under'which Oldham was in possession was worthless, and he may have intended to dispossess him, and it seems that the plaintiff would not have made the purchase liad he not confided in those representations and promises. The defendant ought, then, in fairness and honesty, to have taken some steps and to have instituted some proceedings to enable him, within a reasonable time, to comply with his undertaking-.
lie was to make title on payment of the purchase-money. The last payment became duo in December, 1S3S. At that time, unless excused by the plaintiff, he ought to have been prepared to make title and give possession in accordance with his contract, or at least to have taken some steps preparatory to a compliance within some reasonable time. But no such steps were taken until after six years had elapsed aud the plaintiff had abaudonded the land and elected to consider the contract at an end, when in 1S-14 he brought suit against Oldham; but this suit he had not prosecuted to judgment at the time of the trial. This delay on the part of the defendant was scarcely consistent with fair dealing. His representations and promises aud failure to perform or attempt a performance operated as complete a deception on the plaintiff as if, at the time, the defendant had not intended a performance. The plaintiff had a right to rely on -his representations and promises, and if deceived and misled by them and the subsequent conduct of the defendant inconsistent with them, to his injury it can make little difference in morals or law whether it was the intention of the defendant originally to deceive', or whether he subsequently conceived that intention. In either case the effect was the same. The plaintiff was misled by representations and promises of the defendant, which the latter did not verify, and which he has not shown that he had the ability to verify.
Upon tiie whole we conclude that a case was made out by the plaintiff proper for the rescission of the contract, and that the verdict and judgment were warranted by the evidence.
The proof shows a larger amount of purchase-money paid than is claimed in the petition, and the jury found in accordance with the proof. The plaintiff, however, having remitted the excess, this objection to the verdict is removed. ITe are of opinion that there is no error in the judgment and that it be affirmed.