**SPARROW v. TILLMAN et al.  (No. 342.)**

(Court of Civil Appeals of Texas.  Waco.
April 15, 1926.  Rehearing Denied
May 13, 1926.)

1. **Judgment** ⊕18(2)—**Pleadings stating in detail description of dress before and after it was cleaned, and damages and injuries claimed, and testimony of plaintiff with respect thereto, held to support judgment of trial court for plaintiff.**

In a suit to recover damages caused by defendants negligently and carelessly ruining a dress sent to them to be cleaned, judgment for plaintiff was supported by pleadings, stating in detail the kind and description of the dress before and after it was cleaned, together with damages claimed, as well as market value before and after cleaning, and by evidence of plaintiff as to kind and character of dress and its market value.

2. **Evidence** ⊕546—**Failure to exclude plaintiff's testimony as to kind and character of dress and its market value at time of purchase and at time it was sent to cleaners on ground that she was not qualified, held not error.**

In a suit to recover for damages caused by negligently ruining dress sent to defendants to be cleaned, failure to exclude plaintiff's testimony as to kind and character of·dress, and as to market value at time of purchase and at time it was sent to cleaners, on ground that she was not qualified, *held* not error; question whether witness is qualified as an expert being largely discretionary with trial court.

3. **Appeal and error** ⊕971(2)—**Evidence** ⊕546.

Whether a witness is qualified as an expert is largely within discretion of trial court, and his ruling will not be disturbed, unless clearly wrong.

4. **Damages** ⊕208(1)—**Court did not err in submitting what was reasonable cash market value of dress immediately before and immediately after it was sent to cleaners.**

,In a suit for damages caused by ruining a dress which was sent to defendants to be cleaned, court did not err in submitting to jury issue as to what was reasonable cash market value of the dress immediately before and immediately after it was sent to the cleaners, for, where secondhand goods have a market value, that, rather than actual value, is correct measure.

5. **Damages** ⊕113—**Where it is shown that used goods injured have a market value, that, rather than the actual, value is the correct measure of damages.**

While the measure of damages for injury of secondhand goods may be the actual or intrinsic value, where it is shown there is no market value, where, however, they have a market value, that, rather than the actual value, is the correct measure.

6. **Damages** ⊕228—**Court was authorized to render judgment for less amount than verdict of jury upon plaintiff's remission of portion of amount as so found.**

Court was authorized to render a judgment for plaintiff for less amount than found by jury upon plaintiff's remission of portion of amount found by jury to be due her.

7. **Judgment** ⊕253(2)—**Court erred in rendering judgment for interest, where plaintiff did not pray for interest, and question was not submitted to jury.**

In an action for unliquidated damages caused by ruining dress, court erred in rendering judgment for plaintiff for interest, where plaintiff did not pray for interest, and the question of interest was not submitted to the jury.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by Mrs. Leuda Ragland Tillman and her husband against B. F. Stroder, W. J. Mays, the Reliable Steam Laundry, and F. H. Sparrow, wherein the defendants Stroder and Mays filed a cross-action against F. H. Sparrow and the Reliable Steam Laundry. Judgment was entered for Mrs. Tillman against the defendants Mays, Stroder, and Sparrow jointly and severally, and in favor of Mays and Stroder against Sparrow, and in favor of the Reliable Steam Laundry. From this judgment, defendant Sparrow appeals. Judgment reformed, and, as reformed, affirmed.

Sawyers & Ambrose, of Fort Worth, for appellant.

Marvin B. Simpson, A. L. Moore, and E. L. Gilbert, all of Fort Worth, for appellee.

BARCUS, J. This suit was instituted by appellee, Mrs. Tillman, joined by her husband, against B. F. Stroder, W. J. Mays, Reliable Steam Laundry, a corporation, and F. H. Sparrow, to recover damages which she claimed she had suffered by reason of the defendants' having negligently and carelessly ruined a dress or coat suit which she had sent them to be cleaned. All the defendants answered and joined issue, and the defendants Stroder and Mays filed a cross-action, alleging that they had received the dress in controversy, and that, under arrangements they had with F. H. Sparrow and the Reliable Steam Laundry, they delivered the same to them for the purpose of being cleaned and pressed, and that, if any damage was done to the dress, said Sparrow and the Reliable Steam Laundry were responsible, and asked that they have judgment over against said Sparrow and Reliable Steam Laundry for any sum or sums that they might be required to pay.

The cause was tried to a jury. The court instructed the jury to return a verdict in favor of the Reliable Steam Laundry, and

⊕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

submitted the cause as between the other parties on special issues. The jury found that the dress had been damaged, and that its reasonable cash market value before it was delivered to the cleaners was $225, and that after it was cleaned it was worthless, and found that the damage to the dress was done while it was in the possession of F. H. Sparrow. Appellee Mrs. Tillman filed her motion for judgment, in which she stated that there was evidence tending to show that the dress when returned was probably worth $10, and she offered to, and did, file a remittitur for said amount, and asked that judgment be rendered in her favor for $215. Based on the findings of the jury and said motion and additional findings by the court, judgment was entered for appellee Mrs. Tillman against the defendants Mays, Stroder, and Sparrow, jointly and severally, for $215, with $39.70 interest, being 6 per cent. interest on said amount from the time the damage occurred up to the time of trial, and rendered judgment in favor of Mays and Stroder that they recover against Sparrow for any sum that they might be required to pay on said judgment, and judgment was rendered in favor of the Reliable Steam Laundry. From this judgment F. H. Sparrow alone appeals.

[1] Appellant contends that neither the pleadings nor the testimony support the judgment of the trial court. The pleadings state in detail the kind and description of the dress before and after it was cleaned, together with the damages and injuries which were claimed, and fully state all the facts, and allege that the reasonable cash market value of the dress at the time it was delivered to the cleaners was $289.50, and that, after it was cleaned, the reasonable cash market value was not more than $10, and asked for damages in the sum of $279.50. We overrule the assignments raising these issues.

[2, 3] The defendants in the trial court did not attempt in any way to contradict Mrs. Tillman's testimony as to the value of the dress nor the damages that were occasioned while same was being cleaned. She testified fully as to the kind and character of dress and as to the material from which it was made. She testified that she had owned the dress about one year at the time it was sent to the cleaners, and that at the time she purchased it the reasonable cash market value thereof was $300. She gave in detail the use she had made of the dress and its condition, and stated that she had been through the stores both before she purchased it and during the year she had had the dress at various times, and had priced goods and dresses, and that she knew the reasonable cash market value thereof at the time she purchased same and at the time it was sent to the cleaner, and that at the time it was sent to the cleaner its reasonable cash market value was $300. After Mrs. Tillman had testified to the above facts, appellant asked the court to exclude said testimony because the witness had not qualified, and assigns error to the court's action in not excluding same. We overrule this assignment. The question as to whether a witness is qualified as an expert is largely within the discretion of the trial court, and, unless it appears that his ruling is clearly wrong, the appellate courts will not disturb same. Rogers & Adams v. Lancaster (Tex. Com. App.) 248 S. W. 660.

[4, 5] Appellant contends that the trial court was in error in submitting to the jury the issue as to what was the reasonable cash market value of the dress immediately before and immediately after it was sent to the cleaners. This assignment is overruled. While the measure of damages as to secondhand goods may be the actual or intrinsic value, where it is shown there is no market value, where, however, they have a market value, that, rather than the actual value, is the correct measure. T. & P. Ry. Co. v. Dishman, 41 Tex. Civ. App. 250, 91 S. W. 828.

[6] Appellant contends that, since the jury found the dress was worth $225 when it went to the cleaners, and was worth nothing when it was returned, the court was not authorized to render judgment for $215. We overrule this assignment. Appellee alleged that the value of the dress when it was returned was $10, and she testified that it was probably worth from $5 to $10, and the only other witness with reference to its value when it was returned testified that it was worth $5. Appellee had the right, if she desired, to remit any portion of the amount the jury found due her.

[7] Appellant complains of the action of the trial court in rendering judgment for $39.70 interest. We sustain this assignment. Appellee did not pray for interest, and the question of interest was not submitted to the jury. Under the rule now established by the Supreme Court, where the suit is for unliquidated damages, unless the jury finds interest, same cannot be added to their verdict. St. L. & S. W. Ry. Co. v. Seale & Jones (Tex. Com. App.) 267 S. W. 676.

There being no other error in the record which authorizes a reversal, the judgment of the trial court will be reformed by eliminating the interest item, and, as reformed, affirmed.