**POSTAL MUT. INDEMNITY CO. v. JAMES.**

No. 3882.

Court of Civil Appeals of Texas. Beaumont.
July 11, 1941.

Rehearing Denied Sept. 17, 1941.

William C. Ross, Jr., of Beaumont, for appellant.

Glenn Faver, of Jasper, for appellee.

O'QUINN, Justice.

This suit was filed by appellee in the district court of Jasper County, Texas, against appellant to set aside an award of the Industrial Accident Board of the

State of Texas, and to recover compensation. Appellant answered by general demurrer, numerous special exceptions, and general denial.

The case was tried to a jury upon special issues on their answers to which judgment was rendered in favor of appellee setting aside the award of the Board, and granting appellee compensation as for total and permanent disability for 401 weeks at the rate of $9.60 per week, the compensation to be paid in a lump sum with proper and legal discount. Motion for a new trial was overruled, and appellant brings this appeal.

 Appellant's first three propositions complain that the average weekly wage of appellee was erroneously ascertained for which the judgment should be reversed. The pleadings and the evidence show that appellee's employer, Chas. C. Bellar Co., was engaged in road construction work, and that appellee was driving a truck for his employer on May 15, 1940, when and while so doing, he received an injury for which he claimed compensation. The Industrial Accident Board duly considered his claim and made its award. Not being satisfied with this award appellee duly gave notice that he would not abide the award and filed this suit to set same aside and to recover compensation. The several ways of ascertaining the average weekly wage of appellee, under Article 8309, R.S.1925, were plead, but the evidence showed that § 1, 1st subdivision 3 of said article controlled. Under this section appellee alleged that he received a daily wage of $4.80. The jury found that appellee had not worked the whole or substantially the whole of the preceding year for his employer, before his injury, nor had any other employee of the same class done so, and in answer to special issue 17 found that $3.20 was a daily wage for appellee just and fair to both parties. As he worked eight hours per day, and received forty cents per hour, and worked five days a week, this would be $16 a week, sixty per cent of which would be $9.60 or the weekly compensation to which appellee was entitled. The result was a mere matter of computation from known undisputed facts. Texas Emp. Ins. Ass'n v. Russell, Tex.Civ.App., 16 S.W.2d 321; Texas Emp. Ins. Ass'n v. Manning, Tex. Civ.App., 299 S.W. 534; Texas Emp. Ins. Ass'n v. Bateman, Tex.Civ.App., 252 S. W. 339. The assignments are overruled.

What we have said disposes of appellant's fourth proposition.

 The fifth assignment complains that the court erred in submitting special issue No. 1 to the jury. Said issue reads: "Do you find from a preponderance of the evidence that William W. James sustained an injury on or about the 15th day of May, 1940?"

Appellant objected to this issue on the ground that it did not confine the jury in their deliberations to the injuries which were pleaded and proved by plaintiff. The assignment is overruled. It is not contended that appellee received more than one injury, accident, on May 15, 1940. The allegations in appellee's petition of his hurts growing out of the accident were exceedingly full and particular. 'Tis true there were allegations of results that were alleged to have been caused by the accident, that were not proved, but that did not render the issue not proper. As a rule in cases like the instant, the allegations of injury are broad, and usually all comprehensive, but the failure to prove all of the alleged hurtful results does not make reversible error. The several results growing out of an accident, when pleaded, may be shown to support the allegations of injury caused by the accident. As a basis for proof of injury, it was alleged among other things that appellee sustained severe injuries to his head, neck, shoulder, back, and to his muscles. Under these general allegations many hurtful results could be shown. Federal Underwriters Exchange v. Carroll, Tex. Civ.App., 130 S.W.2d 1101; Southern Underwriters v. Kelly, Tex.Civ.App., 110 S. W.2d 153.

In Southern Underwriters v. Kelly, Tex. Civ.App., 110 S.W.2d 153, cited supra, special issue No. 1 was identical with special issue No. 1 in the instant case, and the objection that it was too general was there made as here. It was overruled, and application for writ of error was dismissed. This holding has support in Traders' & Gen. Ins. Co. v. Line, Tex.Civ.App., 70 S.W.2d 787; Associated Indemnity Corp. v. Baker, Tex.Civ.App., 76 S.W.2d 153; Royal Indemnity Co. v. Neely, Tex.Civ. App., 80 S.W.2d 478. If it could be said that the form of the issue was error, it was harmless.

Appellant's 6th, 7th, and 8th propositions are presented together. In substance,

they complain: 6th that without some act or happening within the pleadings and proof was a "producing cause" of the total permanent disability alleged to exist at the time of the trial, it was error for the court to enter judgment of recovery for total and permanent disability which resulted from or was caused by a specific happening. 7th. It was error for the court to submit special issue No. 3 to the jury inquiring whether injury received by appellee was received because of his driving a truck into a ditch on or about May 15, 1940, for in that appellant contended that said happening (driving the truck into the ditch) was not the cause, and did not result in any disabling disease or injury to appellant, over the objections that said issue was "too vague and general to form a basis for a judgment as the issue did not inquire as to the producing cause of the injury, and did not establish any causal connection between the driving of the truck into the ditch and the claimed injury." 8th. That the court erred in refusing to submit an issue inquiring whether driving the truck into the ditch was "the producing cause" of appellee's injury. An inspection of the record discloses that appellant objected to special issue number 3 on the ground it was too vague and too general and did not form the basis for any judgment, and requested the court to formulate and submit an issue to the jury inquiring whether the driving of the truck into the ditch by appellee was the producing cause of his injury.

These assignments are overruled. Special Issue No. 3 given by the court specifically inquired whether appellee's injuries were sustained by appellee by reason of his driving the truck into the ditch on May 15, 1940. This was answered "Yes." This issue was neither vague nor so general as to preclude a judgment on the answer of the jury. If appellant desired the submission of a special issue as contended in its objection to said issue, it should have prepared an issue properly framed and requested its submission. This it did not do and so cannot complain of its non-submission. Texas & N. O. Ry. v. Crow, 132 Tex. 465, 123 S.W.2d 649. We have examined the issues submitted by the court, the answers of the jury to the issues, and the statement of facts in the record, and find the issues submitted were raised by the pleadings and the evidence, and that the answers of the jury to each of them have support in the evidence.

We overrule appellant's 9th assignment that the finding of the jury that appellee had suffered total and permanent disability was without sufficient support in the evidence to support the judgment. After careful examination of all the evidence in the record, we conclude that the finding has support in the record.

The 10th assignment assails the finding of the jury, and the judgment of the court that appellee, under the law and the facts, was entitled to a lump sum judgment, asserting that the finding of the jury was without support in the evidence. The record, we think, amply supports the verdict and consequent judgment. Among other things, the record discloses that appellee was a very poor man, without means to supply a living for his wife and children; that because of his injuries and inability to work, he had made debts for living expenses, doctor bills, hospital expenses and medical treatment at home; that there was a debt against his home secured by a mortgage on the home that he could not pay and which would probably cause him to lose his home unless paid; that all of his creditors were expecting their claims to be paid, and which he could not possibly meet under weekly payments of $9.60, neither could he supply the scantest of necessaries to support his family on said partial payments. We think the evidence sufficient to support the finding and judgment.

The 11th (and last) assignment urges that the court erred in refusing to give its special requested issue, which reads: "Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff to work, has not been partial in the past?" "Answer yes or no."

The refusal to give the requested issue was not error. Under special issues correctly submitted, the jury found: That appellee suffered an injury on May 15, 1940; that the injury was accidental; that the injury was received in the course of employment; that the injury resulted in total incapacity; that such total incapacity was permanent; that such total incapacity "will not be temporary"; that the total incapacity began on May 15, 1940; that the injury sustained by appellee did not result in partial incapacity. In an-

swer to issue II reading: "When do you find, from a preponderance of the evidence said partial incapacity, if any you have found, begins?" Answer by stating the date, if any, or otherwise answer "None." The jury answered "None." In answer to further issues, the jury found: that appellee suffered no partial incapacity; (again) no partial incapacity was suffered; (again) no partial incapacity suffered. To three special issues, in slightly different words, the jury answered that appellee had not suffered partial incapacity. They covered every moment of time from the receiving of the injury on May 15, 1940, to the date of the trial. The very thing sought to be elicited by the requested issue was fully attained in the issues given by the court.

No error appearing, the judgment is affirmed.