## SCOTT v. GARDNER et al.
### No. 14014.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 16, 1942.

Rehearing Denied Feb. 13, 1942.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellant.

McGown, McGown, Godfrey & Logan and B. E. Godfrey, all of Fort Worth, for appellees.

McDONALD, Chief Justice.

On the 20th day of October, 1933, the plaintiff Beulah Gardner was injured in an automobile wreck. On the 18th day of August, 1934, she filed this suit, thus beginning this long lasting litigation. The case was before this court upon a former appeal. Scott v. Gardner, Tex.Civ.App., 106 S.W.2d 1109. After a subsequent trial, this appeal was taken. Some of the questions presented upon this appeal are settled by the decision of the Supreme Court, in answer to certified questions, in Scott v. Gardner, Tex.Com.App., 156 S.W.2d 513. We refer to the two opinions cited for detailed statements of the facts involved, and shall in this opinion discuss only the questions not disposed of by the holding of the Supreme Court.

Appellant's third proposition reads as follows: "Plaintiffs who admit that they would perjure themselves for financial gain should have no standing in the courts of our State."

This proposition appears to be based upon the admission of the plaintiff George F. Gardner that he signed a statement, shortly after the date of the accident, which upon its face appears to absolve Scott of any blame for the accident. Gardner admitted that his testimony differed from the written statement, but claimed that he signed the statement upon Scott's request, and upon Scott's assurances that he would take care of everything. Appellant cites no authorities in his brief in support of his proposition, nor do we know of any that support it. The testimony in question was a matter for the jury to consider in passing upon Gardner's credibility as a witness, but cannot, under any rule of law known to us, have the effect of barring plaintiffs from maintaining their suit.

Special Issue No. 6, and the instruction accompanying it, read as follows:

"Special Issue No. 6:

"Question: What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate the plaintiff Mrs. Beulah Gardner for the injuries, if any, sustained by her on the occasion of the overturning of the automobile?

"In estimating such damages, if any, as inquired of you in the above question, you may take into consideration the physical pain, if any, you believe from a preponderance of the evidence the said Mrs. Beulah Gardner may have sustained from the date of said accident up to the present time, and if you believe from a preponderance of the evidence that she has not entirely recovered from any injuries, if any, received by her upon the occasion in question, and that in reasonable probability in the future she will suffer physical pain as a result of said injuries, if any, received by her on the occasion in question, you may consider such fact, if it be a fact, in estimating the damages, if any you find. You cannot, however allow any amount of damages for any element of damage which is not specifically hereinabove mentioned for your consideration.

"Answer: $15,000.00."

Appellant's second assignment of error, complaining of the alleged error in this issue and instruction, reads as follows:

"The court erred in omitting, over the objection of defendant, to instruct the jury in connection with the issue relating to damages that they could allow only such damages as were proximately caused by the alleged negligent act on the part of Winfield Scott which caused the injury."

Appellant relies upon the holdings of this court in Anderson v. Reichart, Tex.Civ. App., 116 S.W.2d 772, and in Standard Paving Co. v. Pyle, Tex.Civ.App., 131 S. W.2d 200.

█ A defendant is liable only for such damages as are the proximate result of his wrongful act. The charge of the court should, in some manner, limit the jury to the consideration of damages proximately caused by defendant's wrongful act. In determining whether there is error, and in determining whether the error requires a reversal, the entire charge must be examined, and must be considered in the light of the precise situation existing at the time the supposed error was committed. An error which in one situation would materially affect the result, might in a different situation have no effect upon the result of the case. It is our observation that statements found in opinions of the appellate courts are sometimes misconstrued because of a failure to consider and interpret them in the light of the facts or the situation which the court had before it when it wrote its opinion. It is to be borne in mind that the courts endeavor primarily to make a correct disposition of the case on appeal, and not always to write a general rule of law to be followed as a text in all manner of cases arising in the future.

█ Bearing in mind the foregoing observations, let us examine the charge of the court, and the state of the record, now before us. Plaintiffs were seeking to recover damages for the injuries sustained by Mrs. Gardner in the automobile wreck. Neither the pleadings nor the evidence shows any attempt on the part of the defendant to establish that her injuries, or any aggravation or complication of such injuries, resulted from any other cause. There is not a scintilla of evidence in the entire record showing that any pain or suffering · sustained up to the time of the trial resulted from any cause other than the injuries received in the accident in question. Recovery for future pain and suffering is expressly limited by the charge to that which will in reasonable probability result from the injuries received in the accident. The issue itself, as distinguished from the explanatory instruction, limits the compensation to the injuries sustained on the occasion of the overturning of the automobile. The charge elsewhere establishes the causal connection between the wrongful act of defendant and the overturning of the automobile. The jury is limited to such damages as it may find from a preponderance of the evidence. It is difficult for us to imagine how the jury could ever have supposed, under the actual charge given, and in view of the evidence, that the court was inquiring about any damages outside of those received when the car overturned. And we find nothing in the case to suggest that they could, under the charge, have considered other pain and suffering, which, so far as this record shows, did not even exist. We feel that we are supported in our views by the actual holdings and by the trend of judicial thought reflected in the following cases. Clowe & Cowan, Inc., v. Morgan, Tex.Civ.

App., 153 S.W.2d 863, error refused for want of merit; Grocers Supply Co., Inc., v. Stuckey, Tex.Civ.App., 152 S.W.2d 911, error refused for want of merit; Georgia Casualty Co. v. Gibson, Tex.Civ.App., 11 S.W.2d 191, error dismissed; Associated Indemnity Corp. v. Baker, Tex.Civ.App., 76 S.W.2d 153, error dismissed; Postal Mut. Indemnity Co. v. James, Tex.Civ.App., 154 S.W.2d 148, error refused for want of merit; Southern Underwriters v. Boswell, Tex.Sup., 158 S.W.2d 280.

Although some of the cases cited involve our Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq., and not tort cases, we believe that the rules announced are applicable to the case before us.

■ Appellant cites no authority to support his proposition that the cause of action is barred by the two-year statute of limitation. It appears so clear to us that the proposition is without merit that we overrule it without further comment.

Appellant's sixth and seventh propositions are held to be without merit, under authority of Traders & General Ins. Co. v. Jenkins, 135 Tex. 232, 141 S.W.2d 312.

■ Appellant's tenth proposition charges error on the part of the trial court in entering judgment at the term next succeeding that in which the verdict was returned. This procedure was authorized by Art. 2092, section 28. See Miller & Babbs v. Hall, Tex.Civ.App., 62 S.W.2d 165, error dismissed, and cases therein cited.

Appellant's eleventh proposition reads as follows: "The court erred in allowing judgment to stand for the plaintiffs because of the apparent misconduct of the jury in the jury's awarding twice the amount of damages sued for by plaintiffs, thus evidencing bias against the defendant as a matter of law."

Plaintiffs sued for $7,000 actual damages resulting from Mrs. Gardner's personal injuries, plus $200 paid out for household help, $1,200 medical bills and $8,000 exemplary damages. The court submitted to the jury only the questions of actual damages and the medical bills. The jury found $15,000 actual damages and $1,000 doctor, nurse and hospital bills.

■ We hold, following World Oil Co. v. Hicks, 129 Tex. 297, 103 S.W.2d 962, that the amount of the verdict in this case does not, as a matter of law, and without any other proof thereof, establish bias on the part of the jury.

■ The record reflects that plaintiffs filed a remittitur of $7,000 in the trial court, before the judgment was rendered. Although the trial court rendered judgment for $16,000 he noticed the remittitur in his judgment, and ordered that the $7,000 should constitute a credit on the judgment, the practical effect of his action being to award judgment in favor of plaintiffs for $9,000. Appellant has made no complaint, either in his motion for new trial or in his brief, of the fact that the judgment for $9,000 exceeds the amount of actual damages sought in the pleadings. Nor does he charge that the judgment, or, as for that matter, even the verdict is in excess of the amount of damages proven. The special issue inquiring about the medical bills includes hospital, doctor and nurses bills, but the plaintiffs' petition contains no allegations with respect to hospital bills. Under familiar rules relating to fundamental error, we may notice these discrepancies though there be no assignment of error relating to them, since they appear from the face of the record. And, although we are not required to do so in the absence of an assignment of error, and possibly are not authorized to predicate any finding of error thereon, we observe from an examination of the statement of facts that plaintiffs testified to a total of only about $800 in doctor, nurses, hospital and medical bills, and offered no proof as to the reasonableness of any of them except the doctor bills. We also observe that upon the former appeal, where the jury had returned a verdict of $7,000 for actual damages, excluding the medical bills, appellant made no complaint about the amount of the verdict.

■ Under the unusual state of the record, we are of the belief that plaintiffs were not entitled to judgment for more than the $7,000 pleaded as actual damages in their petition. We are also of the belief that any error with respect to the excessiveness of the verdict and the judgment may be cured by filing a remittitur of the excess of $2,000. See 13 Tex. Jur., 492–497; York's Adm'r v. Gregg's Adm'x, 9 Tex. 85; Lewter v. Lindley, Tex.Civ.App., 121 S.W. 178; Sparrow v. Tillman, Tex.Civ.App., 283 S.W. 877; Texas Cent. R. Co. v. Wheeler, 52 Tex.Civ.App. 603, 116 S.W. 83, error denied; Producers' Oil Co. v. Barnes, Tex. Civ.App., 120 S.W. 1023, affirmed by Su-

preme Court, 103 Tex. 515, 131 S.W. 531; Wilson v. Freeman, 108 Tex. 121, 185 S.W. 993, Ann.Cas.1918D, 1203; Wichita Valley R. Co. v. Williams, 116 Tex. 253, 288 S.W. 425.

The judgment will be affirmed conditional upon the appellees filing, within thirty days, a remittitur of $2,000 on the judgment. If the remittitur is not filed, the judgment is ordered reversed and the cause remanded.

Affirmed conditionally.

## On Motion for Rehearing.

We consider that the holding of the Supreme Court in Massingill v. Henwood, 159 S.W.2d 118, decided on January 21st, 1942, supports our conclusions relating to the issue on damages and the instruction accompanying it. To paraphrase the language contained in that opinion, since there was a total lack of evidence of any pain and suffering resulting from any cause other than the injuries received in the automobile collision, it was not reversible error to fail to include in the questions as to damage such qualifying element. The jury could not have been misled.