**Elmer L. ATKINS et al., Appellants,**

v.

**Gerald F. JOHNSON, Appellee.**

**No. 16166.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 27, 1961.

Kelly, Morris & Walker, and Jearl Walker, Fort Worth, for appellants.

Thompson, Walker, Smith & Shannon, and Wyndall R. Johnson, Fort Worth, for appellee.

MASSEY, Chief Justice.

This case is a suit for damages for personal injuries and property damage growing out of an automobile collision at an ordinary uncontrolled intersection. Plaintiff Johnson entered the intersection to the left of defendants' truck, but undisputedly had passed more than one-half way through the same when the front of defendants' truck struck head-on into the middle of the right side of plaintiff's automobile. The plaintiff's automobile stopped, after having been knocked sideways, approximately twenty-five feet from the point of the collision. The foregoing description states the nature of the occurrence in a light most favorable to the defendants and not as favorable as plaintiff's proof would warrant. Position of plaintiff's automobile after the collision indicated that the force applied to it by the defendants' truck caused it to go further sideways to said stopped position than it traveled in a forward direction.

The defendants were found guilty of several acts of negligence, which amounted to proximate cause of the collision, in that their truck was being operated at a speed greater than proper under the circumstances, in that the operator thereof failed to keep a proper lookout, and in that there was a failure to yield the right of way to plaintiff's automobile. Based thereupon, and the jury findings as to damages, judgment was entered for the plaintiff. The defendants appealed.

Judgment affirmed.

In so far as the liability and responsibility for the collision is involved there is no complaint made that there was any insufficiency in the evidence to support the jury findings of negligence and proximate cause on the part of the defendants. Defendants do contend that the jury finding on the matter of damages because of personal injuries was excessive as against the great weight and preponderance of the evidence, but it is not contended there was no evidence or any insufficiency of the evidence to support the amount found. Relative to the trial in regard to the matter of personal injuries defendants complain of admission into evidence portions of the testimony of the attendant physician relating to his opinion of future pain and disability. The contention is that the same failed to satisfy the basic requirement that the future pain and disability will be that which the plaintiff will in reasonable probability experience. Further complaint is made because plaintiff's counsel, during the course of interrogating the physician, made the remark that "Mr. Johnson may have to learn to live with it (pain)", as part of a question as to whether persons with injuries, such as the physician had testified plaintiff had sustained, should forego certain physical activity. Further complaint is made because in the "instructions" portion under the special issue which required the jury to find personal injury damages failed to limit the jury to those flowing from injuries sustained in the collision.

■ Upon the matter of the jury findings upon defendants' liability the only complaint is that the court erred in commenting upon the evidence in the presence of the jury, under the following circumstances. On cross examination defendants' counsel was interrogating plaintiff. Plaintiff was asked whether he was familiar with the rule that when two automobiles approach an intersection at approximately the same time the automobile on the other's right has the right of way. An objection was made and sustained by the court. Then the trial judge said, "Well, I am going to ask you

both to stay out of the law. I will take care of the law at the proper time. I will sustain the objection. I don't see how it could become material anyway. He said he didn't see it (the defendants' truck). What difference does it make about the law on that point? * * *." It is true that it is improper for a trial judge to use language tending to disclose any existing or apparent opinion as to the weight of the evidence or calculated to increase or diminish its weight with the jury. 41–B Tex.Jur., p. 75 et seq., "Trial-Civil Cases", part VI "Conduct and Remarks of Judge", secs. 53–61 incl. Nevertheless a trial judge, in ruling upon objections, is not limited to expressions "objection sustained" or "objection overruled". He can properly make remarks explaining and stating the reasons for his ruling. This, in our opinion, would be the most one could properly infer from the statement complained of. However, in view of the whole record, from which we believe it to be an inescapable conclusion that the plaintiff's automobile did enter the intersection first, the error, if any, would be harmless in view of Texas Rules of Civil Procedure, rule 434. Application of the principles of mathematics and physics to defendants' own evidence, which was more favorable to their theory of defense than that of the plaintiff and his witnesses, demonstrates that plaintiff's automobile would necessarily have had to be traveling in excess of 75 miles per hour in order for it to have entered the intersection at the same time defendants' truck entered. The driver of defendants' truck did not see it until he was within five feet of it, it then being directly in front of him. It was struck in the side by the front of defendants' truck. It stopped within twenty-five feet of the point of the collision.

■ In the submission of plaintiff's special issue upon the matter of the defendants' truck driver having failed to yield the right of way at the intersection of the collision, the trial court failed to instruct the jury that when two vehicles enter an intersection at approximately the same time the driver

of the vehicle on the left shall yield to the vehicle on the right. Complaint thereof is made the subject of a point of error. It is overruled for all the reasons of the paragraph of this opinion immediately preceding this one. Our view of the evidence is that it is thereby conclusively established that the vehicle of the plaintiff had entered the intersection prior to the time of the arrival of defendants' truck thereat. In any event it is to be remembered that the defendants were found liable by answers to special issues on speed and lookout.

■ For identical reasons discussed by this court in the case of Scott v. Gardner, Tex.Civ.App. 1942, 159 S.W.2d 121, writ ref., want of merit, we overrule the defendants' complaint that the court failed to limit the jury, in its instructions as to what it might consider in answering the issue on damages as the result of injuries to plaintiff, to those flowing from the collision. In a test of the instructions given it is determinable, under all the circumstances, that the jury was properly limited to such damages. Defendants make no attempt to show that the jury did not consider itself so limited.

■ It is because of defendants' basic contention that testimony of plaintiff's physician concerning the physician's opinion as to future pain and disability of the plaintiff that they found a point of error to the effect that the damages found by the jury because of plaintiff's injuries were excessive. If the testimony in question was properly admitted, defendants' contention that the damages found were against the great weight and preponderance of the evidence must be overruled. One reason we overrule the same is because we are of the opinion that the evidence was properly admitted. The complaint of the physician's testimony is that it was admitted despite the fact that the questions asked, and by which answers were elicited, did not call for answers based upon the established standard of what pain and disability will "in reasonable probability" exist in the

future, but rather merely called upon the witness to speculate as to plaintiff's future pain and disability. Defendants state in their brief that "Had there been admitted into evidence only one or two of such questions and answers, this assignment would have little importance, but due to the fact there were many of such inadmissible questions and answers, there was a walloping impact on the Jury to the extreme prejudice of Defendants and was calculated to cause and probably did cause the rendition of an improper verdict in an excessible amount of damages."

We find difficulty in correlating the point of error to the argument in defendants' brief since there is no contention that there was "no evidence", or that there was "insufficient evidence", supporting the jury finding on damages. The point of error is that the finding was against the great weight and preponderance of the evidence. Nevertheless, even when we disregard that testimony which in the statement of facts we find was objected to by defendants and admitted over objection, we find testimony from the physician and the plaintiff, himself, which is adequate to support the finding of damages made by the jury. Indeed, we find absolutely no evidence in the record which contradicts the plaintiff's own testimony about the pain and disability he sustained and continued to sustain up to the time of the trial, and which was such as entitled the jury to reasonably conclude would continue unalleviated. Furthermore, physician's testimony to which no objection was made was to the effect that the plaintiff would have to either limit his activities or learn to live with the pain he was experiencing. Careful examination of the whole of the physician's testimony brings us to the conclusion that he was basing his testimony upon what in all reasonable probability would be the plaintiff's future disability and pain as the result of his injuries.

■ Undoubtedly the trial court erred in overruling and not sustaining defendants' objection to his remark, "Mr. Johnson may

have to live with it (pain)", but in view of the provisions of T.R.C.P. 434 we cannot say that such error was reasonably calculated to cause and probably did cause the jury to return a verdict other than that it would have returned had the error not been committed.

Judgment is affirmed.