## LUMBERMEN'S RECIPROCAL ASS'N v. WARNER et ux. (No. 347–3724.)

(Commission of Appeals of Texas, Section A. Dec. 6, 1922.)

**1. Master and servant ☞388—Compensation recoverable by "dependent" without showing total dependency.**

Under Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—15), providing that compensation shall be for the benefit of dependent parents, the parents of deceased employés may recover for his ˙death without showing total dependency; the term "dependent," as used in the statute, being one who is dependent in whole or in part on another for support.

[Ed. Note.—For other definitions, see Words and` Phrases, First and Second Series, Dependent.]

**2. Master and servant ☞388—Charge defining .dependent within Compensation Act held misleading.**

A charge that to be "dependent" upon another, as that term is used in the Workmen's Compensation Law (Vernon's Ann. Civ.· St. Supp. 1918, arts. 5246—1 to 5246—91), it is necessary that the other rely upon the one for contributions to furnish the ordinary necessaries of life,, held misleading as excluding the beneficiary unless there were cash contributions.

**3. Master and servant ☞388—Charge on dependency within Compensation Act too restrictive as limiting "support."**

In proceedings by parents as dependents under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) to recover compensation for the death of their son, a charge, which in effect confines dependency to reliance for ordinary necessities, held properly refused ·as too restrictive; "support" being a flexible term including something more than the bare necessities of life.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Support.]

**4. .Master and servant ☞405(5)—Finding of partial dependency within Compensation Act sustained.**

In proceedings by parents to recover compensation for the death of their son, evidence held to support the jury's finding of partial dependency.

**5. Master and servant ☞405(6)—Compensation award for death of employé warranted.**

In proceedings by parents to recover compensation for the death of their son, who had been employed only a few days, where the father testified that he would be compelled to pay from $2.50 to $3 per day to others to do the work which his son was doing for him on the farm, held, that the award was warranted, though there was no proof of what other employés in same class of work had received; great latitude being allowed by the statute (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82) in arriving at the compensation to be awarded.

Error to Court˙ of Civil Appeals of Ninth Supreme Judicial District.

·Proceeding by G. R. Warner ˈand· wife under the Employers' Liability Act to obtain compensation for the death of their · son, Richard Warner, opposed by the Lumbermen's Reciprocal Association, insurer. From a judgment of the Civil Court of Appeals (234 S. W. 545) affirming a judgment of the district court sustaining award of compensation, the insurer brings error. Affirmed.

Andrews, Streetman, Logue & Mobley and E. J. Fountain, Jr., all of Houston, and Kester W. Denman, of Lufkin, for plaintiff in error.

Fairchild & Redditt and Mantooth & Collins, all of Lufkin, for defendants in error.

SPENCER, P.˙J. Defendants in error, G. R. Warner and wife, filed a claim with the Industrial Accident Board, as dependents under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), to recover compensation for the death of their son, Richard Warner. Plaintiff in error was the insurer in the case. Compensation was awarded defendants in error by the Board, and from this decision

---

LUMBERMEN'S RECIPROCAL ASS'N v. WARNER 665

plaintiff in error appealed to the district court. In that court, a judgment, based upon special findings of the jury, was rendered in favor of the defendants in error. Upon appeal this judgment was affirmed. Lumbermen's Reciprocal Association v. G. R. Warner et ux., 234 S. W. 545.

The contention most strongly urged by plaintiff in error in defense of the action is that defendants in error were not dependents within the meaning of the Employers' Liability Act. The basis of this contention is that the father owned real and personal property of the reasonable value of $7,000, that he was making a living independent of whatever may have been contributed by the deceased son, and that he had money in bank at and prior to the date of the son's death. The contention thus raised was properly presented by special requested charges, which were refused by the trial court, and by objections to the court's main charge to the jury.

The court did not in its charge define "dependents," but in submitting the issue employed this language:

"Special Issue No. 1. Were the defendants G. R. Warner and Mrs. Susan C. Warner, as parents of Richard Warner, deceased, taking into consideration their condition and circumstances in life, dependent, wholly or in part upon the labor of deceased, Richard Warner, for support at the time of the accident which resulted in his death?"

In connection with the giving of this issue, the court instructed the jury as follows:

"You are instructed that the burden is upon the defendants to show by a preponderance of the evidence that they were dependent, wholly or in part, upon the labor of Richard Warner, and if the defendants have so shown by a preponderance of the evidence, you will answer special issue No. 1, 'Yes'; but if they have failed to show by a preponderance of the evidence that they were dependent, wholly or in part, upon the labor of Richard Warner, you will answer special issue No. 1, 'No.'"

The attack made upon the court's action is that the use of the words "wholly or in part" is adding to the language of the statute. In other words, plaintiffs in error contend that there can be no recovery unless there is a total dependency.

[1] To this contention we do not agree. The act nowhere defined dependents or dependency. The word is employed in the act only in enumerating the beneficiaries. It simply provides that "the compensation * * * shall be for the sole and exclusive benefit of * * * dependent parents." Article 5246—15. In the common acceptation of the term dependent or dependent person is included one who is dependent in whole or in part upon another for support. Had the Legislature intended to restrict compensation to cases in which the beneficiary was wholly dependent upon the injured employé for support, it could easily have used language to effect that purpose; but, not having done so, the court was without power to do so.

[2] Plaintiff in error requested, and the court refused to give, special charge No. 5, which reads:

"In connection with your answer to special issue No. 1, you will consider the following definition: For one to be dependent upon another, as that term is used in the Workmen's Compensation Law, it is necessary that the other rely upon the one for contributions to furnish the ordinary necessities of life to the other for a person in the class and position of the other."

The charge is misleading, in that the jury may have inferred that defendants in error would not be dependents, within the meaning of the law, unless their son made cash contributions to them with which to secure the ordinary necessities of life. This would be a restriction never intended by the lawmaking body. One may bestow his labor upon another and give to the other of his time in part, and if the one bestowing his labor or giving his time be injured during the course of his employment with a third person, and if such person be at the time of his injury an employé within the meaning of the act and is incapacitated because of such injury from performing the services for the dependent, the latter is not excluded as a beneficiary under the act simply because he receives labor instead of cash contributions. The requested charge would no doubt be understood as excluding the beneficiary unless there were cash contributions.

[3] Plaintiff in error asks a reversal because of the court's refusal to give its special charge No. 3, which reads:

"Gentlemen of the jury, if you believe from the evidence that, at the time of Richard Warner's death, his father was earning sufficient money from his own efforts and property to supply himself and wife with the ordinary necessities of life for one in their class and position, you will find that the parents were not dependent upon the deceased, and will answer, 'No,' to special issue No. 1, submitted to you."

This charge ignores an important element of dependency—that of reliance upon the injured employé for support. It is an accepted rule in compensation cases that partial dependency may exist although the alleged dependent could have subsisted without the labor of the employé, or is not without the necessities of life. The test is: Was the alleged beneficiary relying in whole or in part upon the labors of the deceased for support? Corpus Juris, Workmen's Compensation Acts, p. 61, par. 52. The court charged the jury, in effect, that defendants in error must show that they were dependent, in whole or in part, upon the labors of the deceased for support. Support is a very flexible term and includes something more than the bare necessities of life. It

includes also the ordinary comforts and conveniences which are reasonably appropriate to the parties' station in life—such as were actually being enjoyed by them at the time of and prior to their son's death. Rosholt v. Mehus, 3 N. D. 513, 57 N. W. 783, 23 L. R. A. 239; Owens v. State, 6 Okl. Cr. 110, 116 Pac. 345, 36 L. R. A. (N. S.) 633, Ann. Cas. 1913B, 1218. If the parents were dependent, in whole or in part, upon the labors or contributions of the deceased son for such support, they were, we think, dependents within the meaning of the law. We think that the measure of dependency tendered by the special charge, which in effect confines dependency to reliance for ordinary necessities, is too restrictive; and hence the charge was properly refused.

[4] The contention that there is no evidence in support of dependency cannot be sustained. It cannot be said, under the evidence, as a matter of law that defendants in error were not partially dependent upon the labors of the deceased for support. The father testified that he had been ruptured four or five years prior to the date of the trial, which injury incapacitated him from physical labor. He detailed the manner in which the son had assisted him in the management of the farm. He also related different instances of contributions in cash that the son had made to his wife prior to his death.

To offset this evidence, plaintiff in error introduced evidence tending to show that the father's financial worth was approximately $8,000. This property consisted of real estate valued at about $5,000 and personal property valued at about $2,600. It also introduced evidence showing the father had money in bank in 1918 and also in 1919. This money, however, was borrowed from the bank and deposited to the father's credit.

The evidence as to the father's financial worth is not of such cogent force as to impel the conclusion that defendants in error were not partially dependent upon the son's labor for support. It does not conclusively appear that the lands belonging to the father which the son assisted in cultivating without charge yielded a sufficient income to defray the expenses of the father and mother. Nor does the fact that the father borrowed money from a bank, and which he may have had on hand at the date of trial, necessarily exclude him as a beneficiary under the act. The jury may have concluded that the father's credit at the bank was indirectly favorably influenced on account of the assistance rendered the father by the son. Suffice to say that the conflict in the evidence upon the issue of dependency was properly submitted to the jury for their determination, and, there being evidence in support of their finding, it will not be set aside.

[5] Plaintiff in error also attacks the judgment upon the ground that there is an absence in the record of the daily wage earned by other employés of the same class as the deceased working substantially the whole of the immediately preceding year in the same or neighboring place, at which Richard Warner was working at the time of his death. Likewise complaint is made of the court's charge as to the means of determining the measure of damages to be applied.

It was agreed that the deceased was earning $2.50 per day at the time of his death, but that he had been employed only a few days when his death occurred. There was no proof in evidence of what other employés in the same class of work had received immediately and prior thereto for a period of one year. The father testified, however, that the son had assisted him in the farm work, and that he could not get any one to do the work as well as his son, and that he would be compelled to pay from $2.50 to $3 per day to others to do the work which his son was doing for him.

These objections should be determined in the light of the statute. Article 5246—82, Vernon's Texas Civil and Criminal Statutes, 1918 Supplement, defining average weekly earnings, says:

" 'Average weekly wages' shall mean—

"(1) If the injured employé shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"(2) If the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"(3) When by reason of the shortness of the time of the employment of the employé, or other employé engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons, it is impracticable to compute the average weekly wages as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties.

"(4) Said wages shall include the market value of board, lodging, laundry, fuel, and other advantage which can be estimated in money, which the employé receives from the employer as a part of his remuneration. Any sums, however, which the employer has paid to the employé to cover any special expenses entailed on him by the act of his employment shall not be included."

It is observed from a reading of the statute that great latitude is allowed in arriving

at the compensation to be awarded. Section 3 permits the resort to such means in determining the compensation as the Board, or in this case the jury, may seem just and fair to the employé and the insurer. With the privilege thus accorded to the Board or jury to determine what was fair and just to the parties, it cannot be said, in view of the evidence, that the insurer has been injured by the award made. On the other hand, it is clearly apparent that the evidence warrants the compensation awarded.

In our opinion the judgments should be affirmed, and we so recommend.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.