## TEXAS EMPLOYERS' INS. ASS'N v. BATE-MAN. (No. 8812.)

(Court of Civil Appeals of Texas. Dallas. May 5, 1923. Rehearing Denied June 2, 1923.)

1. **Master and servant** ⊂⊃417(5)—**Issues as to basis of compensation for injuries held properly submitted to jury.**

The question whether an employé claiming compensation for injuries under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91) had worked in the employment in which he was injured substantially the whole of the year of the accident was properly submitted to the jury as one of the statutory bases specified in Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82, for determining the average annual wage, on proof that the injured employé did not work substantially the whole of the year preceding injury, and, there being no proof of the wages received by any other employé in similar work, the court was justified in submitting the issue as to what sum the jury designated as the average weekly wages of the employé which seemed just and fair to both parties; such issue comprehending substantially the statutory direction for computing the average weekly wage.

2. **Master and servant** ⊂⊃405(6)—**Finding of average weekly wage sustained by evidence in compensation case.**

Evidence *held* to sustain finding of jury as to the average weekly wage upon which compensation for injuries should be computed.

3. **Master and servant** ⊂⊃418(5)—**Submission to jury of question of law in compensation case held harmless.**

In a suit by an injured employé refusing to accept compensation awarded by the Industrial Commission, the submission to the jury of the question whether the plaintiff by accepting weekly payments made before the award agreed on the rate of his compensation during the compensation period, though erroneous as submitting a question of law, was harmless; the jury's finding designating his average weekly wage being supported by the evidence.

4. **Master and servant** ⊂⊃417(5)—**Conflicting finding without support disregarded in entering judgment for compensation.**

Where the jury in answer to issues submitted on evidence found that plaintiff did not work substantially the whole of the year immediately before his injury, and designated his average weekly wages, which seemed just and fair to both parties, the court in entering judgment for compensation properly disregarded a conflicting finding as to what was plaintiff's average daily wage during substantially the whole of the year immediately before the injury which was without any support in the evidence.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Proceeding under the Workmen's Compensation Law by William L. Bateman, an employee, for compensation for personal injuries, opposed by the Texas Employers' Insurance Association, insurer. The claimant refused to accept the award, and filed suit in district court. From a judgment for compensation, the insurer appeals. Affirmed.

Lawther, Pope & Leachman, of Dallas, for appellant.

Parks, Hall, Hurt & Kveton, of Dallas, for appellee.

HAMILTON, J. Appellee, an employé of Trinity Portland Cement Company, was caught in the machinery of the latter's cement factory while he was engaged in the discharge of the duties of his employment, and received injuries which resulted in the permanent loss of the use of an arm, and which inflicted other permanent disabilities. Appellee was one of the cement company's employés against injuries to whom appellant had insured it under the Texas Workmen's Compensation Law. Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91. After the injury was sustained a hearing was had before the Industrial Accident Board, and an award to appellee was made by the board in the course of procedure provided by law. During a period of 15 weeks which intervened between the date of the accident and the date of the award appellee received from appellant $15 per week as liability compensation. Appellee refused to accept and acquiesce in the award made by the Industrial Accident Board, and, in pursuit of the statutory terms provided for appeal from the award made by it to a court of competent jurisdiction, filed this suit in the district court for recovery in conformity with the provisions of the compensation statute.

The propositions relied upon by appellant consist altogether of attacks upon the charge of the court which was presented in the form of special issues submitted to the jury before which the case was tried.

In response to the special issues submitted the jury found that the injuries received by appellee disqualified him from performing the usual tasks of a workman in such way as to enable him to procure and retain employment, and also found that he was permanently disqualified from performing such tasks so that he could not procure and retain employment. The evidence conclusively supports these findings, and neither of them is questioned.

[1, 2] In answer to a question submitted as to whether or not appellee worked in the employment in which he was engaged at the time of his injury substantially the whole of the year of the accident, the jury answered in the negative. This question was properly submitted as one of the statutory bases for determining the average annual wages. Article 5246—82, V. T. C. S. 1918, Supp. Immediately succeeding this question and the

answer thereto, the following question was submitted to the jury:

"If you have answered the foregoing issue in the negative, or by 'no,' then answer this question: 'What sum of money do you designate as the average weekly wages of the plaintiff which to you may seem just and fair to both parties, plaintiff and defendant?'"

In response the jury answered: "$25 per week."

Appellant's objection to this issue is that it was immaterial and irrelevant and prejudicial, and that the proper question under the law involved only the fact as to what the average daily wage was, regardless of whether or not it might seem to the jury to be just and fair. It was objected that no instruction was given the jury as to the method to be followed in computing the average weekly wages.

To provide a basis of compensation for injured employés under any circumstances which may surround cases of injuries, three different means of ascertaining average weekly wages are provided in the statute. The first is that, if the injured employé shall have worked in the employment in which he was engaged at the time of the injury substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of 300 times the average daily wage or salary which he shall have earned in his employment during the days when he was so employed. The second is that, if the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of 300 times the average daily wage or salary which an employé of the same class working substantially the whole of such year immediately preceding the injury in a similar employment in the same or a neighboring place shall have earned in such employment during the days when he was so employed. The third statutory method of fixing compensation provides that, when by reason of shortness of the time of employment before the injury of the employé, or of another employé engaged in the same class of work in the manner and for the length of time specified in the first and second statutory bases of ascertaining average weekly wages as above stated, or for any other good and sufficient reason, it is impracticable to compute the average weekly wages as provided in these two directions, then the computation may be made in any manner which may seem just and fair to both parties.

Since the jury found that appellee did not work substantially the whole of the year immediately preceding his injury, and since there is no proof that any other employé did the same kind of work in the same or similar employment in the same place, or a neighboring place, during substantially the whole of the preceding year, and no proof of what any

other employé received for similar labor done there, we think the court was justified in submitting to the jury the issue above set forth and against which complaint is made. The issue as submitted comprehended substantially the statutory direction for computing the average weekly wages, and we are not prepared to say that the record did not justify it as a proper issue to be determined by the jury. The evidence can be said to sustain the finding made. The proof showed that the plant was closed down for a considerable period of time during the preceding year; it showed that appellee was employed by the hour, and that he received 35 cents per hour when he was actually engaged at work. The amount paid him on this basis during different months ranged from $110.40 to $5.40. The evidence, beyond the fact that the plant was not in operation, as above stated, does not account for these variances, or for appellee's failure to work steadily and receive substantially the same amount each month he worked.

[3] Complaint is made that the court erred in submitting to the jury special issue No. 4, which substantially was that, as to whether or not appellant, by paying the appellee the sum of $15 per week as compensation for 15 weeks following his injuries, thereby agreed, and that appellee intended by accepting this compensation to agree with appellant, that his weekly compensation should be $15 per week during the period of time he might be entitled to compensation. It is said that the issue thus submitted involved the construction of an alleged agreement, and that whether or not this particular act constituted an agreement was not a question of fact for the jury, but was a question of law for the court. The fact that such payment was made and received is undisputed. The legal effect of it, therefore, it seems, must be held to be a question of law rather than a conclusion of fact. At most, this circumstance could have no greater effect than merely to indicate that such might have been the understanding between the parties. The only reason given by appellant for ceasing to make the $15 per week payments as had been done during these 15 weeks was because appellee refused to accept the award made by the Industrial Accident Board. However, we think the charge, if erroneous, should be considered harmless. Whatever construction the jury may have given this transaction ought not to have controlling force in our consideration of the case if the jury's designation of an average weekly wage of $25 per week can be sustained under the attitude presented by the facts. Since, as above stated, the jury have found that appellee did not work substantially the whole of the year immediately preceding the injury, which finding is supported by the proof, and since there is no proof of what any other employé who worked substantially the whole

of the preceding year in the same kind of work received as average weekly wages, the law authorizes as compensation the fixing of average weekly wages which might seem just and fair to both parties to be made.

[4] At appellant's request the following special issue was submitted to the jury:

"What was the average daily wage of Wm. L. Bateman during substantially the whole of the year immediately preceding May 7, 1920?"

To which issue the jury answered, "$2.34 per day." Appellant insists that the answer to this issue is conflicting and irreconcilable with the finding of the jury that appellee did not work substantially the whole of the year immediately preceding the date of the accident which resulted in his injury. There is an apparent conflict between the two findings, but it is only apparent. There was no basis whatever for the submission of the special issue as to what was the average daily wage of appellee during substantially the whole of the year immediately preceding March 7, 1920, and the answer given by the jury is wholly without any support whatever in the evidence. The issue being without basis, a judgment could not be rested upon it, and appellant cannot complain because the judgment ignores it. The proof, without dispute, was to the effect that Bateman received 35 cents per hour for his services when he worked, and that he worked 13-hour shifts. The proof as to payments actually made to him consisted of monthly amounts taken from the pay roll of the Trinity Portland Cement Company. These amounts merely show what was paid appellee during each particular month of the year preceding the date of the accident; they do not indicate what number of days he worked during any particular month, nor the total number of days worked during the year, nor the amount received for work for any particular day. Under the statute appellee's average annual wages, had he, himself, worked substantially the whole of the year immediately preceding the injury, would have consisted of 300 times the average daily wage or salary which he would have earned in his employment during the days he was actually employed. Under this statutory test, therefore, his average daily wage could not be arrived at upon a basis of the aggregate amount paid him any particular month, but only upon the basis of an average determined by dividing the whole amount he received by the number of days he actually worked. Accordingly, since the record contains no proof of the number of days appellee worked during the year preceding his injury, and no proof of the amount paid him each day he worked, the jury's answer to this is completely without any evidence whatever to sustain it, as is the issue itself without any basis in the record.

Likewise it is contended that the finding of the jury upon this special issue conflicts with findings upon various other issues. But the view of this issue above expressed, and also of the answer thereto given by the jury, renders unnecessary any further discussion of the points made to the effect that it conflicts with other findings.

We have considered all assignments of error and the propositions advanced under them. Those not specifically discussed are held to be without merit, and are overruled.

The facts sustain the answers of the jury to all of the issues properly submitted, and, the verdict constituting a basis for the judgment of the court below, that judgment should be affirmed; and accordingly it is so ordered. .