## TEXAS EMPLOYERS' INS. ASS'N v. RUSSELL et al. (No. 1824.)

Court of Civil Appeals of Texas. Beaumont. March 28, 1929.

H. B. Sanders, of Dallas, for appellant.
Adams & McAlister, of Nacogdoches, for appellees.

O'QUINN, J. Appellees brought this suit in the district court of Nacogdoches county to set aside an award of the Industrial Accident Board and to recover compensation under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) on account of the death of Peyton F. Russell, husband of Mrs. P. F. Russell, and father of her minor children. Appellees' petition contained the usual and necessary allegations in suits of this nature. Appellant answered by general demurrer, general denial, and specially that the injury alleged as causing the death of P. F. Russell had nothing to do with his decease, but that same was caused by disease from which he had been suffering long prior to the happening of the accident alleged to be the cause of his death, which disease was thought by appellant to be Bright's disease.

The case was tried to a jury, and, when appellees rested, appellant moved for a directed verdict in its favor, which was refused, and at the conclusion of all the evidence appellant again asked for an instructed verdict, which was also refused. The case was then submitted to the jury upon two special issues, in answer to which the jury found that Russell's death resulted from the injury he received, and that appellees were entitled to receive compensation in a lump sum. Judgment was entered in favor of appellees in the sum of $2,767.30. Appellant's motion for a new trial was overruled, and it brings this appeal.

Appellant's assignments asserting error in the court's permitting the witness Adams to testify to certain matters are all overruled. The testimony was admissible and proper.

Appellant's assignments asserting error in the admission of the testimony of the witnesses Gus Solomon, Mrs. Russell, Dr. Nelson, and Dr. Tucker are overruled. No error is shown.

Special issue No. 1 was: "Was the death of P. F. Russell caused from the injuries?" Appellant objected and excepted to this issue because of the use of the plural "injuries," whereas, in fact, the deceased only received one injury, and further because it suggested to the jury that more than one injury had occurred, and that it assumed that such was the case. This exception was overruled, and appellant presents same here as error. The assignment is overruled. The facts show that only one injury was received, and the jury was not misled by the form of the charge.

Appellant's assignment that the court erred in refusing its request for a peremptory instruction on the ground that there was no competent evidence that deceased died from the injuries received is overruled. We think the evidence abundantly shows that the injury caused Russell's death.

The assignment that the court erred in refusing appellant's request for an instructed verdict, on the ground that the jurisdiction of the court to hear and determine the case did not appear, in that the necessary procedure was not taken to give the court jurisdiction, is overruled. All matters necessary to the jurisdiction of the court are sufficiently shown.

Appellant's ninth, tenth, and twelfth propositions complain that the court erred in refusing its request for an instructed verdict, because the average weekly wage of the deceased was not in any manner shown or found, which must have been done before appellees could have judgment. The undisputed facts show that deceased was injured while in the course of his employment; that he received $2.70 per day and worked 6 days per week. There was no issue submitted to the jury relative to the average wages of deceased per day or week. No such issue was requested by either party. There were no objections or exceptions by either party to the charge of the court because of said issue not being submitted. Appellant's contention that the average weekly wage of deceased must be ascertained before compensation can be awarded or judgment rendered is correct, but we do not think it follows by any means that, because the issue as to the weekly wage was not submitted to the jury and there was no finding by the jury as to same, the request for an instructed verdict for appellant should have been given, or that the court could not render judgment on his own finding of the weekly wage.

Article 8309, R. S. 1925, provides:
" 'Average weekly wages' shall mean:

"1. If the injured employé shall have worked in the employment in which he was working at the time of the injury, whether for the same employer or not, substantially the whole of the year immediately preceding the injury, his average annual wages shall consist of three hundred times the average daily wage or salary which he shall have earned in such employment during the days when so employed.

"2. If the injured employé shall not have worked in such employment during substantially the whole of the year, his average annual wages shall consist of three hundred times the average daily wage or salary which an employé of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed.

"3. When by reason of the shortness of the time of the employment of the employé, or other employé engaged in the same class of work in the manner and for the length of time specified in the above subsections 1 and 2, or other good and sufficient reasons it is impracticable to compute the average weekly wages

as above defined, it shall be computed by the Board in any manner which may seem just and fair to both parties."

Deceased had been working for his employer, the Texas Power & Light Company, about 3 or 4 weeks when his injury occurred. He was helping to clear right of way, and was receiving 30 cents an hour, and was working 9 hours a day, amounting to $2.70 per day, and worked 6 days per week, making his undisputed weekly wages $16.20. We think that the state of the evidence adduced was such that deceased's average weekly wage could not be ascertained by either of the modes mentioned in subsections 1 and 2 above, and therefore that it should be found in the manner prescribed in subsection 3, supra. His daily wage is definite—without dispute—$2.70 per day, or $16.20 per week. The court would have been authorized under this subsection to have submitted to the jury the issue of what was the average weekly wage being earned by the deceased at the time of his injury. Texas Employers' Ins. Ass'n v. Manning (Tex. Civ. App.) 299 S. W. 534 (writ dismissed); Texas Employers' Ins. Ass'n v. Bateman (Tex. Civ. App.) 252 S. W. 339; Lumbermen's Reciprocal Ass'n v. Warner (Tex. Civ. App.) 234 S. W. 545, affirmed (Tex. Com. App.) 245 S. W. 664.

In the Manning Case, supra, the injured employé had worked for less than 2 months at the time he sustained his injury. He was working for $4.50 per day. There was no proof of what other employés in the same class of work had received immediately and prior thereto for a period of one year. It was held that under the provisions of section 1, subsection 3, article 8309, supra, the trial court was authorized to submit to the jury and the jury was warranted, under the facts, in finding that the weekly wage was six times the daily wage. Application for a writ of error was dismissed. The facts are on "all fours" with the instant case.

In the Bateman Case, supra, the injured employé had not worked for substantially the whole of the year preceding his injury, and there was no proof of what any other employé who had worked substantially the whole of the preceding year in the same kind of work received as average weekly wages. The injured employé received 35 cents per hour and worked 13 hours per day, and in answer to a special issue the jury found that the average weekly wage was $25. It was held that the issue was proper under section 1, subsection 3, article 8309, and finding was sustained.

In the Warner Case, supra, the injured employé had worked for only about 10 days when he was killed. He was getting $2.50 per day. In answer to a special issue the jury found that his average daily wage was $2.50 per day, and from this his weekly wage was computed. It was held that under section 1, subsection 3, of article 8309, this was proper.

A writ of error was granted in this case, and the judgment affirmed. (Tex. Com. App.) 245 S. W. 664.

■ Article 2190 (1985), R. S. 1925, provides that, when a case is submitted on special issues, the court shall submit all the issues made by the pleadings. However, it was recognized that this might not be done in all cases, and the statute specifically provides that failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission has been requested in writing by the party complaining of the judgment. The statute further specifically provides that upon appeal or writ of error an issue not submitted, and not requested to be submitted, is deemed as found by the court in such manner as to support the judgment, if there is evidence to sustain such finding. In the instant case, the question of average weekly wage of the injured employé was not submitted to the jury, nor was there any request for its submission, although said issue was raised both by the pleadings and the evidence. It was not disputed that he received $2.70 per day and that he worked 6 days per week. Under the statute above quoted, it must be held that the court found the average weekly wage of the injured employé, Russell, and that same was $16.20. If upon the very similar state of facts in the above-cited cases the issue of daily or weekly wage was a proper one to be submitted to the jury, as was done, and the jury's finding thereon was a proper and sufficient basis upon which to found a judgment, then in the instant case, no issue as to weekly wage being submitted, and none requested, the court was authorized to find, and it must be held that he did find, the average weekly wage of deceased in such manner as to support the judgment rendered. The assignments are overruled.

What we have here said disposes of appellant's fifteenth assignment of error.

■ Appellant's assignment and proposition that the court erred in submitting special issue No. 1, because it assumed that deceased was injured, and that the injury was received in the course of his employment, is overruled. Special issue No. 1 was: "Was the death of F. P. Russell caused from the injuries?" There was no issue submitted as to whether deceased received an injury, nor whether he was injured in the course of his employment. The undisputed facts show that deceased was injured, and that the injury was received in the course of his employment. No issue was requested as to either of these questions. The finding of undisputed facts should not be submitted to the jury. Furthermore, if such finding was necessary, then, as no such issues were submitted, and none requested to be submitted, they must be deemed to be found by the court, the evidence sustaining such findings.

■ Appellant's thirteenth assignment of er-

ror asserts that the court erred in refusing to give to the jury special issue No. 1, requested by it: "Was P. F. Russell injured while working for the Texas Power & Light Company?" Appellant, in this and other assignments, insists that its general denial put this question in issue, and that it was error for the court to refuse it. It would not have been error to have submitted the requested issue, but it was not error to refuse it. The undisputed facts show that deceased was injured while working for the Texas Power & Light Company. Where the evidence as to a fact is such as there is no issue to be determined by the jury, then its submission for the jury's finding is not required; in other words, as we have before stated, it is not necessary to submit the finding of undisputed facts to the jury.

Appellant presents other assignments, but, as none of them disclose reversible error, it is not deemed necessary to discuss them. They have all been considered, and are overruled.

The judgment should be affirmed; and it is so ordered.

Affirmed.