The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

TRADERS' & GENERAL INS. CO. v. ROUSE.

No. 2069.

Court of Civil Appeals of Texas. Beaumont.

April 28, 1931.

Rehearing Denied June 3, 1931.

Lightfoot & Robertson, of Fort Worth, and Mantooth & Denman, of Lufkin, for appellant.

Brazil & Musslewhite and J. J. Collins, all of Lufkin, for appellee.

WALKER, J.

This suit was filed by appellee in the district court of Angelina county against appellant, in the nature of an appeal from an adverse award of the Industrial Accident Board, wherein he was claimant, appellant was insurer, and Lufkin Foundry & Machinery Company of Lufkin, Tex., was employer. By his first amended original petition he pleaded the necessary jurisdictional facts and the nature and result of his injuries, resulting in total, permanent disability, and the basis upon which he claimed his average weekly wage. Appellant answered by general and special demurrers and general denial. Upon trial to the court without a jury, judgment was entered in favor of appellee that he was "totally and permanently incapacitated," and his compensation fixed at $8.65 per week for the statutory period of total permanent disability upon a finding that his average weekly wage was $14.42.

Appellant presents its appeal upon the following propositions:

■ First. Appellee's petition was defective, "in that it did not allege that the plaintiff had not been working in the employment in which he was working at the time of the injury for substantially the whole of the year immediately preceding the injury; and the defendant's exception to that part of plaintiff's petition on the ground that it was vague and indefinite and should therefore have been sustained." Appellant says that this proposition is germane to its third assignment of error, which complains that the court erred in overruling its special exception to the seventh paragraph of the appellee's petition, which was as follows: "That at the time of his injuries, plaintiff was employed and was working six days per week, and was earning an average daily wage of $2.50 per day; that the average daily wage of other employees engaged in the same or similar employment as that of plaintiff in the same or a neighboring place as that in which plaintiff was working when injured, throughout substantially the whole of the preceding year before the 7th day of June, A. D. 1929, was $3.50 per day, and plaintiff alleges that his compensation should be based upon the wages of such other employees and upon an average daily wage of $3.50 instead of $2.50; and, plaintiff alleges that, in the event that he should be mistaken as to the length of time other employees have been engaged in the same or similar employment as his at the time of his injuries and in the same or neighboring place for substantially a year preceding the date of his injuries, then that his

compensation should be based upon whatever average daily wage as may be just and fair between the parties thereto."

The exception, as stated in the proposition, was that plaintiff did not allege "that he had not been working in the employment in which he was working at the time of the injury for substantially the whole of the year immediately preceding the injury," and that the pleading was "vague and indefinite." Without further comment, we say the pleading was not vague and indefinite. Also we agree with appellant's argument that, as a general proposition, appellee was required to plead his average weekly wage under subdivision 1 of section 1 of article 8309, R. S. 1925, or, if he relied upon subdivision 2 or 3, to plead facts excusing him from claiming under section 1. American Employers' Ins. Co. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26. But that is not the proposition advanced by appellant, under its third assignment of error, that is, appellant does not say that the petition was insufficient because appellee pleaded his average weekly wage under subdivision 2 or 3 without pleading facts excusing him from claiming under subdivision 1 of section 1, but only that he did not plead in section 7 of his petition that he had not been working in the employment in which he was working at the time of his injury for substantially the whole of the year preceding his injury. The proposition is without merit. In construing a special exception against a particular paragraph of the petition, the whole petition must be reviewed, for the plaintiff is not required to plead all the facts of his case in one paragraph. So, where a particular paragraph is excepted to on the ground that certain essential facts are not pleaded, if such facts are pleaded in other paragraphs of the petition, the special exception should be overruled. In this case, making the petition good as against appellee's exceptions to paragraph 7, plaintiff pleaded in other paragraphs as follows: "That on or about the 7th day of June, A. D. 1929, and for a period of about one week prior thereto the plaintiff was employed with Lufkin Foundry & Machine Company, of Lufkin, Texas. * * * Further pleading herein, plaintiff represents that on or about the 7th day of June, A. D. 1929, and for a period of about one week prior thereto, he was employed by Lufkin Foundry & Machine Company at Lufkin, Angelina County, Texas, his work consisting of operating an electric drill machine and drill press." No special exceptions were urged against these allegations. They were sufficient to make paragraph 7 good against the exceptions assigned against it.

■ By its second, third, and fourth propositions, appellant asserts that the trial court erred in failing and refusing to file conclusions of fact and law. Appellant duly requested the trial court to file such conclu-

sions, its motion was duly granted by a formal order, the court failed to comply with the order by filing conclusions separate from those embodied in the judgment, to which action of the court appellant duly reserved its bill of exceptions. After allowing the bill of exceptions, the trial court approved a statement of facts which appellee duly filed. The trial court, in its judgment, made extensive conclusions both of fact and law which fully support the judgment in appellee's favor, as follows:

"That on the 7th day of June, A. D. 1929, the Lufkin Foundry & Machine Company of Lufkin, Angelina County, Texas, was subscriber to the Employers' Liability Act in the State of Texas through and by virtue of a policy of compensation insurance carried with the defendant, Traders and General Insurance Company, a corporation, of Dallas, Dallas County, Texas, insuring the employees of the Lufkin Foundry & Machine Company against loss on account of accidental personal injuries arising out of and in the course of their employment; and on said 7th day of June, A. D. 1929, the Lufkin Foundry & Machine Company had in its employ the plaintiff, Willie Rouse, who, on said day, sustained an accidental personal injury while engaged in the course of his employment; and, that the average weekly wages made the predicate of compensation herein is $14.42 per week and that the plaintiff, Willie Rouse, is entitled to compensation herein at the consequent rate of $8.65 per week.

"The court further finds that as a direct and proximate result of the injuries sustained by the plaintiff, Willie Rouse, as hereinabove found, he has been rendered totally and permanently incapacitated for the performance of labor and that the plaintiff, Willie Rouse, is therefore, entitled to recover from and have paid to him by the defendant, Traders & General Insurance Company, a compensation at the fixed rate of $8.65 per week, same beginning to accrue on the 14th day of June, A. D. 1929, and continuing thereafter for the full, final and complete period of four hundred and one (401) weeks."

Appellant does not assign error against the manner in which the foregoing conclusions of fact and law were made and filed, but only, to quote from its third proposition, that the court "omitted findings as to certain material facts in dispute." In this proposition no "certain material facts" are pointed out, but the fourth proposition asserts that the court erred in that he did not state under which section of article 8309, R. S. 1925, defining average weekly wages, he calculated appellee's average weekly wage. It thus appears from these propositions that the complaint of appellant is merely of the inadequacy of the conclusions

actually filed. Appellant failed to point out to the trial court the omissions in his conclusions of fact, and failed to request additional or more specific findings. As presented, these propositions do not show error under the following rule, announced by 3 Tex. Jur. p. 224: "It is the duty of a party complaining of the inadequacy of findings of fact to request additional or more specific findings; otherwise he may not be heard to say on appeal that such findings are insufficient."

But it should be further said that, with a statement of facts in the record, it affirmatively appears appellant has suffered no injury because of the failure of the trial court to file separate conclusions of fact and law. The court, in its judgment, clearly stated the facts upon which the judgment was based. With a statement of facts in the record, assignments of error against the court's conclusions could have been reviewed by us. Riley v. Austin, 112 Tex. 216, 245 S. W. 907, is directly in point on what we have just said. In that case the trial court embodied in its judgment a material conclusion of fact which the Commission of Appeals said was subject to review upon the statement of facts duly filed therein.

As clearly supporting what has just been said, appellant's fifth and sixth propositions assert: (a) The finding of fact made by the court to the effect that the plaintiff was injured in the course of his employment should be set aside as against the overwhelming preponderance of the evidence; (b) the finding of the court to the effect that the plaintiff was totally and permanently incapacitated as a result of the accident should be set aside as contrary to the great weight and preponderance of the evidence. Of course, appellant could have likewise attacked all the other conclusions of fact made by the court. It appearing affirmatively from the record that appellant has suffered no injury by the failure of the court to file separate conclusions of fact and law, propositions 2, 3, and 4 are overruled.

The evidence supporting the conclusions attacked by propositions 5 and 6 was sharply conflicting, and it would serve no useful purpose for us to review it in detail. Appellant offered much credible testimony in support of its defenses, but the trial court's conclusions are fully supported by the testimony of appellee himself. The issues thus presented being merely issues of fact, after a careful review of the evidence it is our judgment that the trial court's conclusions should be affirmed.

There being no error in the record, the judgment of the lower court is affirmed, and it is accordingly so ordered.