**TRADERS' & GENERAL INS. CO. v. POWELL.**

**No. 2164.**

Court of Civil Appeals of Texas. Beaumont.

Dec. 17, 1931.

Rehearing Denied Dec. 31, 1931.

Maurice Short, of Center, H. B. Sanders, of Dallas, Lightfoot, Robertson & Scurlock, of Fort Worth, and Harry P. Lawther, of Dallas, for appellant.

C. A. Lord, of Beaumont, and Sanders & McLeroy, of Center, for appellee.

O'QUINN, J.

Appellee brought this suit in the district court of Shelby county, to set aside an award of the Industrial Accident Board denying him compensation which he claimed, by reason of an injury which he alleged he had received as an employee of the Tenaha Warehouse & Compress Company, which carried compensation with appellant. His petition contained the usual and necessary allegations in a suit of this nature. Appellant answered by general demurrer, numerous special exceptions, general denial, and specially that the injury of appellee was not received by him while engaged in the usual course of business of his employer, the Tenaha Warehouse & Compress Company, and further specially pleaded that

the proper wage of the employees of said compress company for the period required by statute was approximately $12 per week, and that 60 per cent. thereof would necessarily be the compensation rate.

All the special exceptions were overruled. No action by the court is shown on the general demurrer. The case was tried to a jury upon special issues. At the close of the evidence appellant moved the court for an instructed verdict in its favor, which was denied. The jury answered the special issues favorable to appellee, and judgment was accordingly entered in his favor for total and permanent disability, granting him compensation at the rate of $20 per week, payable in a lump sum. Motion for a new trial was overruled, and appellant brings this appeal.

For reversal, appellant presents five propositions based upon thirty-two assignments of error, same being the assignments contained in its motion for new trial.

The first proposition (based upon assignments of error Nos. 5, 6, 12, 14, 15, 20, 21, 22, 25, 28, and 30) reads: "It is a condition prerequisite in compensation cases that the claimant for compensation be injured while in the course of the business, trade, profession, or occupation of his employer, and this being true, the trial court ought to have required specific allegations on the part of the claimant setting up issuable facts on this proposition, and the claimant should have been required to plead and prove by competent testimony that he was injured in such capacity. This he failed to do, and the trial court ought to have sustained appellant's exceptions and objections, and its motion for directed verdict, because the testimony showed that, under the law, the claimant was not injured while engaged in the usual course of the trade, business, occupation, or profession of the Tenaha Compress & Warehouse Company, and, therefore, was not covered by the Workmen's Compensation policy, the appellee's remedy being one at common law rather than against the appellant."

■■ It will be observed that this proposition is based upon eleven assignments of error. An inspection of the record discloses that the assignments here grouped and presented by this proposition relate to different and unrelated matters, such as alleged error in ruling upon special exceptions, admitting certain evidence over appellant's objections, refusing appellant's motion for an instructed verdict, refusing to give a certain requested instruction, overruling appellant's objections and exceptions to the court's charge submitting special issues Nos. 6 and 7, and that there was no competent evidence to support the jury's answer to special issue No. 6. It is permissible to group assignments that bear upon the same question, but assignments that relate to entirely different and unrelated questions, as is here done, may not be grouped and presented together, and if so done will not be considered. 3 Tex. Jur. p. 839; Clevenger v. Burgess (Tex. Civ. App.) 31 S.W.(2d) 675 (writ refused). Furthermore, consideration of the proposition is opposed by appellee for the reason that it is multifarious in that it presents several unrelated and independent matters together. Under the law, and the rules pertaining to appellate procedure, the objection should be sustained. However, it is not believed that any of the matters complained of show error.

■ Appellant's second proposition, based upon its seventh assignment of error, complains in substance that the court erred in not sustaining its exception to the pleadings of appellee alleging negligence on the part of the employer because such allegations were immaterial and irrelevant, furnished no basis for proof of any issue as between appellee and appellant, and could serve no other purpose than to create a prejudice on the part of the jury against appellant.

We think the exception should have been sustained and that portion of appellee's petition stricken, but we do not believe that the court's failure to sustain the exception was such error as to be hurtful to appellant. From a careful examination of the record we conclude no injury is shown, and that the error was harmless.

■ The third proposition (based upon assignments of error Nos. 8, 11, 23, 24, 27, and 31) reads: "The compensation wage rate is determined by specific statutory methods, and it is required that the compensation rate be determined under Subdivision 1 of Section 1, Art. 8309, unless it is specifically pleaded and proved that method No. 1 is not available, in which event method No. 2 under said section can be made available, or if it be shown that method No. 2 is not available, then method No. 3 can be used. Over the duly presented exceptions and objections of the appellant, the trial court permitted the appellee, although he had failed to plead and prove in accordance with the statute, to recover on a wage rate based on a temporary and unusual employment outside of the usual course of the trade, business, occupation, or profession of the employer."

The substance of this complaint is that appellee had not properly pleaded his wage rate under article 8309, R. S. 1925; that is, that appellee should have pleaded and proved that his wage rate could not have been determined under subdivisions 1 or 2 of section 1 of said article, before he could offer proof and establish his wage under subdivision 3 of section 1 of said article, and that in the absence of such pleading the court erroneously permitted appellee to recover on a "fair and just" wage rate.

After carefully considering the assignments

of error upon which this proposition is based, we conclude that there is no assignment against the method used in arriving at the average weekly wage of appellee; the only error complained of being that the trial court permitted appellee to recover on a "fair and just" wage rate based on a temporary and unusual employment outside of the usual course of the trade, business, and occupation or profession of the employer." Therefore, the method of arriving at the average weekly wage in qestion in this case is not presented by the proposition or by any assignment of error, and the question of average weekly wage is entirely outside of appellant's complaint under its proposition and assignments of error.

■■ Moreover, we are of the opinion that special issue No. 7, in which it was attempted to submit to the jury the question of the average weekly wage of appellee, was not a submission of any permissible question. The issue reads: "From a preponderance of the evidence in this case, what amount do you find, if anything, to be a fair and just weekly wage of the plaintiff, Chester L. Powell, received by him while employed by the Tenaha Compress & Warehouse Company, prior to June 30, 1930?" This did not submit the question what was appellee's average weekly wage. No issue as to what appellee's average weekly wage was submitted. None was requested to be submitted, nor were there any exceptions to the court's charge for failing to submit said issue. In the absence of such issue being submitted and no request for its submission, it must be held that the court, under article 2190, R. S. 1925, found the average weekly wage of appellee, which he did, and to be $36, entitling appellee to recover in the sum of $20 per week. There is no assignment against or in any manner complaining of the court's finding. The court's·finding is supported by the record.

■■ If it can be said that said issue, supra, submitted the question of appellee's average weekly wage, we still think no reversible error is shown. Appellee pleaded, and the undisputed testimony showed, that appellee was employed by the Tenaha Warehouse & Compress Company. That at the time he received his injury he was in the active discharge of the duty assigned him by his employer. That he received $6.50 per day, and had been receiving this wage since he began the work in which he was engaged at the time of his injury, removing a water tank. He was a skilled laborer in the kind of work his employer wanted done in connection with removing the tank, and by reason of the nature of the work his employer agreed to and was paying him 65 cents per hour, ten hours to constitute a day's work. It was while he was up on the tank tower working that the accident occurred which resulted in his total and permanent disability. He was injured on the fifth day of this work. Appellant insists that appellee should have pleaded and proved that his average weekly wage could not have been found under either subdivisions 1 or 2 of section 1 of article 8309, R. S., before he could invoke subdivision 3 of section 1 of said article, which it insists was not done, and, therefore, there was no basis for the court to submit special issue No. 7, set out above, permitting the jury to find the weekly wage under subdivision 3. We think that appellee's petition, considered as a whole, and the undisputed facts show that appellee's weekly wage could not be computed in the manner provided by either subdivisions 1 or 2 of said article. Appellee had not worked in the employment in which he was working at the time of his injury for substantially the whole of the year immediately preceding his injury, nor had any other employee of the same class worked in the same or similar employment in the same or a neighboring place for substantially the whole of the preceding year before the injury. The nature of the work pleaded and being done was such that no employee could work at the same but for a short period of time. The compress company was taking down and removing a tower water tank from where it was situated at Center, Shelby county, to Tenaha, in the same county, there to reassemble and elevate said tank for water purposes in connection with its compress. The time necessary for the tank's removal and re-erection could not extend for a year, but only for a short period of time. This employment at this particular kind of work was, therefore, temporary. That being true, then the average weekly wages of appellee would have to be found in the manner provided by subdivision 3 of article 8309, as was attempted to be done as contended by appellant. Texas Employers' Ins. Ass'n v. Russell (Tex. Civ. App.) 16 S.W.(2d) 321 (writ dismissed); United States Fidelity & Guaranty Co. v. Morgan (Tex. Civ. App.) 18 S.W.(2d) 810 (writ dismissed); Traders' & Gen. Ins. Co. v. Rouse (Tex. Civ. App.) 39 S.W.(2d) 80 (writ refused).

As we have stated, special issue No. 7 did not submit the question of appellee's average weekly wage. No such issue was requested to be submitted by either party. There were no objections by either party to the charge of the court because of said issue not being submitted. As above stated, the facts shown are such that appellee's average weekly wages could not be ascertained by either of the modes prescribed in subdivisions 1 or 2 of article 8309, and, therefore, should be found in the manner prescribed in subdivision 3 of said article, which provides that: "When by reason of the shortness of the time of the employment of the employee, or other employee engaged in the same class of work in the manner and for the length of time specified in the

above subsections 1 and 2, and other good and sufficient reasons it is impracticable to compute the average weekly wages as above defined, it shall be computed by the board in any manner which may seem just and fair to both parties." Appellee's daily wage is definite—without dispute—$6.50 per day for six days per week. The court, under the pleadings and the evidence, would have been authorized under this subdivision to have submitted to the jury the issue as to what was the average weekly wage being earned by appellee at the time of his injury. Texas Employers' Ins. Ass'n v. Manning (Tex. Civ. App.) 299 S. W. 534 (writ dismissed); Texas Employers' Ins. Ass'n v. Bateman (Tex. Civ. App.) 252 S. W. 339; Lumbermen's Reciprocal Ass'n v. Warner (Tex. Civ. App.) 234 S. W. 545 (affirmed [Com. App.] 245 S. W. 664); Texas Employers' Ins. Ass'n v. Russell (Tex. Civ. App.) 16 S.W.(2d) 321 (writ dismissed); United States Fidelity & Guaranty Co. v. Morgan (Tex. Civ. App.) 18 S.W.(2d) 810 (writ dismissed); Traders' & General Ins. Co. v. Rouse (Tex. Civ. App.) 39 S.W.(2d) 80 (writ refused); Barron v. Texas Employers' Ins. Ass'n (Tex. Com. App.) 36 S.W.(2d) 464, 468.

In the Manning Case, supra, the injured employee had worked for less than two months at the time he received his injury. He was working for $4.50 per day. There was no proof of what other employees in the same class of work in the community had received immediately prior thereto for a period of one year. It was held that under the provisions of article 8309 the trial court was authorized to submit to the jury, and the jury was warranted, under the facts, in finding, that the weekly wage was six times the daily wage. Application for a writ of error was dismissed.

In the Bateman Case, supra, the injured employee had not worked for substantially the whole of the year immediately preceding his injury, and there was no proof of what any other employee who had worked substantially the whole of the preceding year in the same kind of work had received as average weekly wages. The injured employee received 35 cents an hour and worked thirteen hours per day. In answer to a special issue the jury found that the average weekly wage was $25. It was held that the issue was proper under subdivision 3, § 1, article 8309, and the finding was sustained.

In the Warner Case, supra, the injured employee had worked for only about ten days when he was killed. He was getting $2.50 per day. In answer to a special issue the jury found that an average daily wage was $2.50 per day, and from this his weekly wage was computed. It was held that, under subdivision 3 of section 1, article 8309, this was proper. A writ of error was granted and the judgment affirmed. (Tex. Com. App.) 245 S. W. 664.

In the Russell Case, supra, the injured employee had been working only about three or four weeks when his injury occurred. He was working at a temporary job. He was receiving $2.70 per day. It was held that the state of the evidence showed that his average weekly wages could not have been found by either of the modes provided in subdivisions 1 or 2 of section 1, article 8309, and, therefore, should be found in the manner prescribed by subdivision 3 of said article. Application for writ of error was dismissed.

In the Morgan Case, supra, the injured employee had been working for only a short time as a carpenter in assisting in the erection of a cotton ginhouse when he received his injury. He was working at a temporary job. He was receiving $2.50 per day and worked six days per week. There was no issue submitted to the jury relative to the average weekly wage. No such issue was requested to be submitted, nor was there any objection to the court's charge because of said issue not being submitted. It was held that under the facts the weekly wage could not be ascertained by either of the methods provided in subdivisions 1 or 2 of section 1 of article 8309, and, therefore, should be found in the manner prescribed in subdivision 3 of section 1 of said article. Application for writ of error was dismissed.

In the Barron Case, supra, the injured employee had been working for only a few months when he was injured. It was held that the evidence did not furnish a basis for the determination of the employee's weekly wages by either of the modes prescribed in subdivisions 1 or 2 of section 1 of article 8309, and that under such circumstances it was proper to ascertain his average weekly wages under the provision of subdivision 3 of section 1 of said article.

The fourth proposition is overruled. The issue of total and permanent disability was raised by the pleading and is amply supported by the evidence. The main contention by appellant against its submission is that if appellee received competent treatment "it was probable" he would be only partially disabled. There is no weight to the contention.

The fifth and last complaint is that there was no pleading nor proof nor finding by the jury as to any proper rate of discount pertaining to a lump-sum award, and, therefore, the court erred in rendering judgment for a lump-sum settlement on a basis of 6 per cent. discount. This is overruled. The law provides that the award or judgment shall be discounted at the rate of 6 per cent. Acts 42d Legislature (1931) Regular Session, chapter 248, page 415, § 1 (Vernon's Ann. Civ. St. art. 8306a). This was done.

The judgment should be affirmed, and it is so ordered.

Affirmed.

**WALKER, J.**

I concur in the conclusion of Mr. Justice O'QUINN that the matters complained of under the first proposition do not constitute error, but I do not agree that under the provisions of chapter 45, p. 68, Acts of Regular Session of the 42d Legislature (1931) (Vernon's Ann. Civ. St. arts. 1757, 1846), this proposition should be overruled because of its form and manner of presentation. In all other respects I concur in the holdings discussed.