**TRADERS' & GENERAL INS. CO. v. HURST et al.**

No. 2307.

Court of Civil Appeals of Texas. Beaumont.
Dec. 22, 1932.

Rehearing Denied Dec. 28, 1932.

H. B. Sanders, of Dallas, for appellant.

June C. Harris, of Austin, and Anderson & Lewis, of Center, for appellees.

WALKER, C. J.

This was a suit by appellee, Dr. T. L. Hurst, against defendants, Tenaha Warehouse & Compress Company and Traders' & General Insurance Company, for the sum of $654, claimed by appellee as doctor's bill and medical and hospital services rendered by him to Chester Powell. Chester Powell was an employee of Tenaha Warehouse & Compress Company and Traders' & General Insurance Company was its compensation insurance carrier. Powell was injured on June 30, 1930. The facts of his injury and the nature of his employment at the time of his injury are fully set out in our opinion in Traders' & General Insurance Company v. Powell, 44 S.W.(2d) 764, to which we refer for a complete statement of the facts on these issues. After his injury Powell was carried to appellee's sanitarium in Center, Shelby county, Tex., for treatment. Appellee predicated his cause of action against the defendants upon an original promise by them to pay him for the services sued for. While he pleaded the employment of Powell by Tenaha Warehouse & Compress Company and that Traders' & General Insurance Company was the compensation insurer, his cause of action, as pleaded, in no way rested upon the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306 et seq.), and the is-

suance and delivery of the compensation insurance policy, but, as just stated, upon an original independent obligation from the defendants to appellee to pay him for services to be rendered Chester Powell. The answer put in issue the material allegations of the petition. Upon conclusion of the evidence, a verdict was instructed in favor of appellee against both defendants for the amount sued for. On this verdict judgment was entered in appellee's favor against both defendants, and in favor of Tenaha Warehouse & Compress Company over against Traders' & General Insurance Company for any amount it might be forced to pay on the judgment. Only Traders' & General Insurance Company has appealed from the judgment.

### Opinion.

Good pleading required appellee, as against appellant's special exception, to plead the name of the agent who represented appellant in the contract sued upon and whether or not the contract was in writing or in parol. But on the facts of the case the error in overruling this exception was immaterial. Under the facts appellant knew at all times the name of the agent appellee dealt with and had him in court, sitting with its counsel as its representative, during the trial, and it was also fully advised that appellee relied upon an oral contract. Appellant was in no way surprised by the development of the facts and was as fully prepared to present its defenses as if the required information had been furnished by the petition.

There is no merit in appellant's proposition that the extent of its liability was fixed by the provisions of the Workmen's Compensation Act. Neither this act nor the policy of insurance issued by appellant Traders' & General Insurance Company was an element of appellee's cause of action, as pleaded by him, nor did appellant plead or admit its liability under the policy.

The agency of B. F. Maintz to represent appellant in the alleged contract with appellee was established beyond question. He was on appellant's pay roll as its "claim representative" and the Powell Case was duly referred to him by appellant for investigation. Under instructions from appellant, or, at least, in the due course of his employment, Maintz went to Center, Tex., where Powell was confined in appellee's sanitarium, to investigate the claim. At that time appellant had not decided to contest Powell's claim for compensation. Without relation to the insurance contract between appellant and Tenaha Warehouse & Compress Company, Maintz contracted with Dr. Hurst to take over the treatment and care of Powell while he was recovering from his injuries, and in making this contract purported to act for appellant. At the same time he arranged

with a Houston doctor to go to Center and treat Powell in Dr. Hurst's sanitarium. Under this contract the Houston doctor went to Center and rendered the required treatment. Maintz testified that he had authority from appellant to make this special contract with the Houston doctor, and there was no evidence contradicting his statement. Under instructions from Maintz, Dr. Hurst made reports from time to time to appellant, which were never repudiated by it. These reports showed on their face the probable length of time that it would be necessary to treat Powell and some of the reports were made long after the expiration of the statutory twenty-eight day period of treatment, as provided by the Workmen's Compensation Act (Vernon's Ann. Civ. St. art. 8306, § 7). Maintz was in court as the representative of appellant and sat with its counsel during the trial as a special adviser of appellant's counsel. We think the facts stated establish the issue of agency as a matter of law.

By its fifth proposition, appellant asserts that an issue of fact was "created as to the necessary grounds for recovery," and, assuming that appellee's testimony was not corroborated, the point is made that "it was error for the trial court to direct verdict in favor of the plaintiff, appellee T. L. Hurst." This proposition is too general to direct our attention to any particular fact issue. But by reference to the argument of counsel for appellant, and to the quotations made by it from the testimony of the witness Maintz under this proposition, we assume that appellant is insisting that the issue of Maintz' agency was a controverted fact and the issue should have gone to the jury. It is our conclusion that agency was established as a matter of law.

There is no merit in appellant's objections to the admission in evidence of the policy of insurance, issued by appellant to Tenaha Warehouse & Compress Company. As the judgment was entered upon an instructed verdict, the introduction of this testimony was immaterial.

If we understand correctly appellant's sixth proposition, it is to the effect that the court erred in receiving the testimony of Maintz on the issue of his agency for appellant. It was permissible for Maintz to testify as to the facts of his employment by appellant, the nature of his employment, and the extent of the authority exercised by him under his employment.

The record refutes appellant's contention that the alleged contract was without consideration. Appellant, through its agent Maintz, requested appellee to render the services to Powell, and, on this request, the expenses were incurred by appellee and the services rendered. The facts constitute a valid consideration.

Appellant's eighth proposition is as follows: "A witness is not permitted to testify as to his judgment, conjecture, opinion or guess unless qualified as an expert upon a subject permitting opinion testimony, and it was error to permit the appellee T. L. Hurst to conjecture on a point subject to proof in fact."

Though this proposition is too general to suggest error, yet, by reference to the statement made under the proposition, no error is shown. Appellee was testifying that he made out certain reports on "request" of appellant. Thereupon the following question was asked appellee, and answer given by him:

"Q. How did you get that request—by mail? A. Well, I judge I got it by mail. I am sure I did, because Maintz did not give it to me, and through mail is the only way I could have gotten it—there is no other agent ever been here. I don't have any recollection of his giving it to me, and filling it out at this date, it undoubtedly came through the mail.

"Mr. Sanders: The defendant moves the answer be stricken on the ground it is speculative and conjectural.

"The Court: Overruled.

"Mr. Sanders: Note our exception."

This testimony was admissible and not subject to the objections made.

The ninth proposition relates to testimony regarding certain features of the insurance contract. As that contract was no part of appellee's cause of action, and as the judgment is from an instructed verdict, no error is shown under this proposition.

The tenth proposition is as follows: "This appellant having denied its liability to the appellee T. L. Hurst, evidence was relevant and competent to show that the appellant had never admitted liability or had become finally liable in compensation for the alleged injury to the patient who had been treated by the appellee T. L. Hurst, and it was error to refuse the admission of testimony designed to prove same."

This proposition is too general to suggest error. But by reference to the statement made by appellant under this proposition, no error is shown. It appears that appellant attempted to prove by its attorney, H. B. Sanders, that it had denied all liability and was still denying liability in the Powell Case. This testimony was entirely immaterial on the issue of the original contract pleaded by appellee.

The eleventh proposition is as follows: "The value of services must be shown to have been 'reasonable', and testimony showing that the claimant considered such services to be charged at a rate which to him

was 'just and fair' is not in compliance with the rule."

Appellee's testimony was clear to the effect that the charges made by him were reasonable. It also appears without controversy that, at the time Maintz requested appellee to treat Powell, the appellee advised him the amount of the charges for hospital services. Appellee's testimony made out a prima facie case for the amount sued for and no point is made by appellant that the judgment was rendered for an unreasonable amount.

Appellant's last proposition is to the effect that, though appellee's account was attached to the pleading, it was not introduced in evidence. There is no merit in this contention because appellee testified affirmatively that the account was just, in the sum of $654.

There being no error in the record, the judgment should be affirmed, and it is accordingly so ordered.

Affirmed.