

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL.

November 4, 1976

The Honorable Arthur C. Eads
County Attorney
Bell County
P. O. Box 474
Belton, Texas   76513

Opinion No. H-892

Re:   Legality of a county
paying a secretary to
administer a program of
legal services to the
indigent.

Dear Mr. Eads:

You ask if the Commissioners Court of Bell County has
authority to provide the service of a county employee to
refer indigents to Bell County attorneys who agree voluntarily
to represent and counsel the indigent individuals without
charging any fee for such services.  You further advise that
the guidelines for this program were prepared by the Bell
County Bar Association and have been submitted to the Com-
missioners Court for approval.

County commissioners courts have only such powers as
are given by the Constitution or statutes, Canales v. Laughlin,
214 S.W.2d 451 (Tex. Sup. 1948), or as are found by necessary
implication to arise from such express powers.  Anderson v.
Wood, 152 S.W.2d 1084 (Tex. Sup. 1941).

Article 2351, V.T.C.S., provides:

Each commissioners court shall:

. . .

11.  Provide for the support of paupers
and . . . residents of their county, who
are unable to support themselves.  (Emphasis
added).

We believe that the legal aid arrangement for assisting indigents as proposed to the Bell County Commissioners Court is dependent on the interpretation of section 11 of article 2351, V.T.C.S., which provides for the "support of paupers."

In an early court decision involving a suit for medical expenses, Monghon & Sisson v. Van Zandt County, 3 White & W. 240, 242 (Tex. Ct. App. 1886), the court held that providing for the support of paupers meant "more than supplying them with food and clothing and a house to stay in." See Attorney General Opinion C-293 (1964). A more recent decision defined support as

> a very flexible term . . . [which] includes something more than the bare necessities of life. . . . Lumbermen's Reciprocal Ass'n v. Warner, 245 S.W. 664, 665-6 (Tex. Comm'n App. 1922, jdgmt adopted). (Emphasis added).

Attorney General Opinion O-2474 (1940) emphasized the humanitarian goals of the statute and held that it authorized the Commissioners Court of Montague County to pay $3.50 per month per resident indigent in order to facilitate the purchase of textiles from which garments would be made for distribution to poor and indigent families. And finally, Attorney General Opinion M-605 (1970) held that the Commissioners Court of Harris County had the implicit authority under the "support" provisions of section 11, article 2351 to provide funds for participation in a federal employment and job training project to benefit the poor.

We believe, therefore, that it probably would be held to be within the power and discretion of the Bell County Commissioners Court to pay a secretary to administer the referral of indigents to local attorneys who will in turn render services to the indigents without charge. Since court decisions and attorney general opinions have so construed the "support of paupers" provision of article 2351 in order to aid the county poor, and since the limited service you offer in connection with this legal aid program is as important as other services previously classified as support, we answer your question in the affirmative.

## S U M M A R Y

The Commissioners Court of Bell County may, in their discretion, authorize payment of a secretary to administer a program of legal services to indigent residents of the county under section 11 of article 2351, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb